[No. 37742. Department One. April 15, 1965.]

THE STATE OF WASHINGTON, *Respondent,* v. CHARLES W. "MOON" MULLIN, *Appellant.**

*Wettrick, Toulouse, Lirhus & Hove* and *Arnold J. Barer,* for appellant.

*Joseph Panattoni* and *David H. Gorrie,* for respondent.

PER CURIAM.—The defendant (appellant), Charles W. "Moon" Mullin, was charged with the crime of grand larceny by check on two counts. At his arraignment, without benefit of counsel, he entered a plea of guilty to both counts. Thereafter, prior to his sentencing, he obtained counsel and moved to change his plea from guilty to not guilty. The motion was denied. The trial court entered a judgment of guilty upon the defendant's plea and sentenced him to the state penitentiary for 15 years on each count, with the sentences to run concurrently. The defendant appeals.

The defendant contends that the court erred in failing to grant his motion for change of plea from guilty to not guilty, and that he was thereby denied his constitutional right to trial by jury.

The defendant argues that he did not intelligently and understandingly enter his plea to the crime charged.

*Reported in 400 P.2d 770.

The record discloses that the trial court patiently and exhaustively advised the defendant as to his constitutional rights prior to the entry of his guilty plea; however, immediately after entering his plea, in colloquy between the court and the defendant, the defendant made statements indicating a protestation of innocence and a misunderstanding of the nature of the charges against him.

In *State v. Stacy*, 43 Wn.2d 358, 363, 261 P.2d 400 (1953), we said:

[W]henever a defendant attempts to make a plea which by its very wording couples a protestation of innocence with an assertion of guilt, the trial court should refuse to accept the plea until the equivocation therein has been eliminated; and, if the defendant persists in attempting to enter such a plea, the trial court should require the defendant to stand trial on the offense charged.

Such a rule is consistent with the orderly and proper administration of justice in criminal cases. It clearly protects the defendant's right to an opportunity to establish his innocence in a trial before a jury.

We believe the rule as stated in *Stacy* applies here; that the defendant's plea was equivocal, and that the trial court should have granted the defendant's motion to change his plea from guilty to not guilty, and required him to stand trial on the offenses charged. In failing to do so, the defendant was denied due process of law in violation of art. 1 § 3 of the Washington State Constitution, and the Fourteenth Amendment to the federal constitution.

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.