[No. 38724.    Department Two.    June 2, 1966.]

*In the Matter of the Application for a Writ of Habeas Corpus of* NORBERT ORSON DUPUIS, *Petitioner,* v. ROGER F. MAXWELL, *as Superintendent of the State Reformatory, Respondent.**

*Michael H. Rosen,* for petitioner.

*The Attorney General* and *Paul J. Murphy, Assistant,* for respondent.

PER CURIAM.—Defendant on October 16, 1964, was charged with a crime carrying with it a mandatory life sentence. He was not represented by counsel at arraignment. The trial court accepted a plea of guilty and imposed the mandatory sentence.

Defendant now petitions for a writ of habeas corpus, contending among other things, that his plea of guilty was involuntary and equivocal.

We have examined with care the certified transcription of the arraignment and sentencing procedure brought before us as a result of the petition. We are satisfied that, under all the circumstances revealed, petitioner's plea of guilty was in fact equivocal, and that the equivocation was not clarified to the extent necessary to permit acceptance of the plea. *State v. Stacy,* 43 Wn.2d 358, 261 P.2d 400 (1953); *State v. Mullin,* 66 Wn.2d 65, 400 P.2d 770 (1965).

Accordingly, the judgment, sentence, and plea are vacated and petitioner is remanded to the Superior Court for Grant County for rearraignment.

*Reported in 415 P.2d 1.