[No. 35-40802-3. Division Three. October 1, 1969.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIE WATSON, *Appellant.*

*Harry Hazel,* for appellant (appointed counsel for appeal).

*Lincoln E. Shropshire, Prosecuting Attorney,* for respondent.

GREEN, J.—Defendant appeals from a conviction of murder in the second degree. It is claimed the trial court erred in the following particulars:

(1) By refusing to accept a plea of guilty to a reduced charge of manslaughter by amended information on the ground of equivocation;

(2) By granting a motion of the plaintiff to withdraw such amended information after the plea had been refused; and

(3) By giving an instruction that a homicide which is not excusable or justifiable is presumed to be murder in the second degree.

The facts show that defendant was charged by information with first-degree murder on August 28, 1968. Jury trial was scheduled to commence November 18, 1968. On the morning of the trial, the prosecuting attorney informed the court that defendant, through his attorney, had indicated a willingness to plead guilty to a reduced charge of manslaughter. The prosecuting attorney thereupon tendered for filing an amended information charging manslaughter on the condition that a plea of guilty would be made and entered. Interrogation by the trial court with respect to defendant's proposed plea developed that defendant was 62 years of age and without formal education. As a consequence, the trial judge was rightly cautious in making sure that defendant fully understood the proposed change of plea. During the interrogation, the defendant was asked whether he understood that the amended information charged him with killing a man without any right, excuse or justification to do so, to which the defendant replied:

Well, the man struck me. We got to fighting, see? That's what happened. That's how the guy got cut.

Shortly thereafter defendant stated his plea was "guilty" to the amended information. The trial court, still not sure of defendant's understanding of the charge and before the plea was accepted, continued interrogation. When defendant reiterated that his lack of education could affect the extent of his understanding of his discussion with his two

counsel, the trial judge then turned to counsel and asked if they felt defendant understood the charge. Counsel replied:

> Mr. Hazel: I am not sure that he does, Your Honor, in all conscience. I am not sure that he understands this. I am just not. His idea still, I think, to this moment, and as you may find out when he tells you about this, he still feels in his own mind that he was justified, that he was defending himself in a fight . . . I do not believe he understands . . .

Defendant in relating the circumstances of the offense again said:

> Well, the guy struck me, and we got to fighting. But he got cut. But I didn't even know the guy was cut . . .

When asked directly whether he thought he was justified in using a knife on the deceased man, the defendant replied:

> I don't know, because we was drinking. I don't know if that was that guy's knife, that he was coming out with, . . . because when he hit me, he went to his pocket (demonstrating), and I grabbed at him, . . . After he hit me on the nose I grabbed him when he went for his pocket, and he got cut, himself.

The trial court thereafter ruled the defendant's plea was equivocal and would be refused; that plaintiff's motion to withdraw the amended information charging manslaughter would be granted; and the case went to trial upon the original information charging murder in the first degree. The jury, following trial, found defendant guilty of murder in the second degree.

A homicide not amounting to murder in the first or second degree, which is not excusable or justifiable is manslaughter. RCW 9.48.060. Defendant's comments, and the comments of one of his counsel, evidence a possible claim of self-defense and an assertion that defendant's actions were justified.

A plea of "guilty" coupled with a claim of justification is equivocal and the court was correct in refusing to accept such plea. *State v. Mullin*, 66 Wn.2d 65, 400 P.2d 770

(1965). Defendant's argument that the plea had been accepted by the trial court is without merit.

The record is clear that the amended information charging manslaughter was conditionally filed for the sole purpose of receiving a plea of guilty to the reduced charge. Implicit in defendant's proposal to plead guilty to the amended information was the acceptance of the plea by the trial court. An equivocal plea is in effect no plea. When the trial court refused to accept the plea, the motion to withdraw the amended information was properly allowed. *State v. Johansen,* 69 Wn.2d 187, 417 P.2d 844 (1966).

Defendant's claimed error in the giving of instruction No. 6 because it instructs upon the presumption of murder in the second degree is without merit since such instruction was approved in *State v. Mays,* 65 Wn.2d 58, 395 P.2d 758 (1964) *cert. denied,* 380 U.S. 953, 13 L. Ed. 2d 970, 85 S. Ct. 1086 (1965).

The judgment is affirmed.

EVANS, C. J., and MUNSON, J., concur.