[No. 1234-2.    Division Two.    June 7, 1974.]

THE STATE OF WASHINGTON, *Respondent*, v. ROGER A. KNUTSON, *Appellant.*

*Lester Stritmatter* and *Stritmatter & Stritmatter*, for appellant (appointed counsel for appeal).

*Curtis M. Janhunen, Prosecuting Attorney,* and *David Foscue, Chief Deputy,* for respondent.

PETRIE, J.—By a two-count information the defendant was charged with first-degree arson in count 1 and with second-degree arson in count 2. Through his court-appointed attorney he entered into plea bargaining negotiations with the office of the prosecuting attorney. On June 22, 1973, the prosecutor filed an amended information charging two counts of second-degree arson only. The defendant thereupon tendered to the court pleas of guilty to both counts.

The court very cautiously probed the defendant in order to ascertain whether or not the pleas were being made voluntarily and intelligently. In the course of this probing process the court inquired whether or not the defendant was admitting that he actually and intentionally set fire to the two buildings specified in the amended information. The defendant replied, "No, unintentionally." Asked to explain what happened, the defendant stated that he had been "sniffing paint and glue"; and although he remembered that he set the fires, he didn't know whether he had done it "on purpose or accidentally or just what." Thereupon the trial judge announced that under the circumstances he did not think he could accept a plea of guilty.

The prosecutor's motion to file a second amended information was granted. Again, the defendant was charged with one count of first-degree arson and one count of second-degree arson. Upon trial, the jury found him guilty of first-degree arson and not guilty of second-degree arson.

The defendant's appeal raises two issues: (1) whether or not the trial court should have accepted the plea despite the equivocal nature of the defendant's statements; and (2) whether or not the court should have dismissed the first-degree arson count in the second amended information because the defendant had already been placed in jeopardy as

to that count when he tendered his pleas of guilty to the two counts in the first amended information.

As to the first issue, the defendant relies on a recent decision of the United States Supreme Court which permits, but certainly does not *require,* a trial court to accept a plea of guilty voluntarily and intelligently made despite the defendant's claim of innocence. *North Carolina v. Alford,* 400 U.S. 25, 27 L. Ed. 2d 162, 91 S. Ct. 160 (1970). We need not decide whether or not *Alford* requires a review of this State's heretofore clearly enunciated rule that a plea of guilty may *not* be accepted if it is accompanied by equivocation by the defendant as to his actual guilt. *State v. Stacy,* 43 Wn.2d 358, 261 P.2d 400 (1953); *Woods v. Rhay,* 68 Wn.2d 601, 414 P.2d 601 (1966), *cert. denied,* 385 U.S. 905, 17 L. Ed. 2d 135, 87 S. Ct. 215 (1966). *See* 8 Gonzaga L. Rev. 332 (1973). There was clearly no abuse of discretion by the trial court's refusal to accept the guilty plea.

As to the second issue, it is necessary to inquire, when the defendant was first put in jeopardy, *i.e.,* "put on trial," for the offense of first-degree arson before a *court* of competent jurisdiction under an indictment or information sufficient in form and substance to sustain a conviction. *State v. Williams,* 57 Wn.2d 231, 356 P.2d 99 (1960).

A plea of guilty, once entered, waives the right to trial. *Garrison v. Rhay,* 75 Wn.2d 98, 449 P.2d 92 (1968). It is a confession of guilt and equivalent to a conviction. *Woods v. Rhay, supra.* A plea of guilty once entered and not withdrawn is proof of conviction, at least for the purpose of impeachment, even though sentence has not yet been imposed. *State v. Tate,* 2 Wn. App. 241, 469 P.2d 999 (1970).

Arguably, therefore, jeopardy attaches after regular *entry* of a plea of guilty. *People v. Mims,* 136 Cal. App. 2d 828, 289 P.2d 539 (1955); *Markiewicz v. Black,* 138 Colo. 128, 330 P.2d 539, 75 A.L.R.2d 678 (1958); *see also* Annot., 75 A.L.R.2d 683. In the case at bench, however, the trial

court never even *accepted* the plea.[1] In no way, therefore, can it be said that jeopardy attached in this case, simply by the defendant's *tender* of the plea.

Judgment affirmed.

PEARSON, C.J., and ARMSTRONG, J., concur.

---

[1]CrR 4.2(d) and (e), effective July 1, 1973, appear to preserve the distinction between acceptance and entry of a plea without, however, attempting to enunciate the distinction.