[No. 1050-2.   Division Two.   July 2, 1974.]

THE STATE OF WASHINGTON, *Respondent,* v. ROSELLA MAY AMAN, *Appellant.*

Bart G. *Irwin* (of *Wilson, Platt & Johnson*), for appellant.

*S. Brooke Taylor, Prosecuting Attorney,* for respondent.

PEARSON, C.J.—Rosella M. Aman appeals from the denial of her motion to permit withdrawal, before sentencing, of her plea of guilty to the crime of grand larceny. The principal issue in the case concerns the evaluation of such a motion in light of a record which does not adequately illuminate the circumstances under which the original guilty plea was made.

On September 21, 1972, the defendant was charged by information with the crime of grand larceny. She entered a plea of guilty to the charge on the same day. No court reporter was present at the time the plea was made, and no record of that proceeding exists beyond a clerk's minute entry reading in relevant part, as follows:

> Defendant appearing at the bar of the Court accompanied by Counsel for arraignment. After being advised by the Court of her statutory rights, Defendant stated she understood her rights whereupon Counsel for Defendant waived the reading of the information and the Defendant entered a plea of guilty.

The defendant was thereupon released on her personal recognizance. She later failed to observe the conditions of her recognizance, and was arrested pursuant to a bench warrant. Shortly thereafter, a new attorney was appointed to represent her.

Through her appointed counsel, the defendant thereupon moved to withdraw her plea of guilty, on the alternative grounds (1) that she was in fact not guilty of the crime charged, and (2) that she was induced into making a guilty plea by representations that she would not otherwise be released from jail.

This motion was heard before a different judge than the one who accepted defendant's original plea of guilty. At that hearing, counsel for the defendant relied principally upon the first ground above, *i.e.*, that defendant was not guilty and had "changed her mind" about her plea. The

court denied the motion, and ultimately entered judgment and sentence upon the plea of guilty.

We begin our analysis by noting that at the time the motion for withdrawal was made prior to sentencing in this case, it was addressed to the sound discretion of the trial court. RCW 10.40.175. *State v. Olmsted*, 70 Wn.2d 116, 422 P.2d 312 (1966).[1] That case holds that where the motion for withdrawal is predicated simply upon a belated decision to deny participation in the crime previously acknowledged, denial of the motion constitutes no abuse of discretion. *State v. Olmsted, supra*. Ordinarily, this would be the conclusion particularly where, as in this case, the motion was made several months after the entry of the plea, and in the intervening period the defendant had violated her recognizance.

However, in *State v. Olmsted, supra*, it affirmatively and conclusively appeared from the record that the guilty plea originally entered was made voluntarily and with full knowledge of the nature of the charge and the consequences of the plea. We cannot ignore the fact that in the instant case, the guilty plea proceeding failed to conform to the mandate of *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969), that the trial court create a clear record, from which the full circumstances pertaining to the defendant's understanding of the connotation of his plea can be ascertained. *Boykin* raised to federal constitutional status the long-standing dictate of our Supreme Court that a full record of such proceedings be created, so that their propriety might not later be assailed. *In re Woods v. Rhay*, 68 Wn.2d 601, 414 P.2d 601 (1966).

Here we have no such record. The clerk's minutes, not signed or otherwise certified by the trial judge who ac-

---

[1]Present Criminal Rule 4.2(f) (1973), not in effect at the time of this proceeding, permits withdrawal of a plea of guilty only where *necessary* to correct a *manifest injustice*. Thus, where the detailed guilty plea procedures of CrR 4.2 are followed, the trial court no longer has discretion to permit withdrawal of the plea, RCW 10.40.175 notwithstanding. *State v. Taylor*, 83 Wn.2d 594, 521 P.2d 699 (1974).

cepted the plea, are of dubious reviewability in any event. *See* CAROA 35, 37. But entirely aside from the question of the adequacy of such minutes for the purpose of reviewing a judicial proceeding, the minutes themselves are too cryptic to demonstrate that the plea was voluntarily entered with knowledge of the rights being waived and with a realization of the possible consequences. We are advised by counsel for the State that no additional record is available to cast light upon these factors. Where this information is not revealed by the record, the plea is defective. *Boykin v. Alabama, supra; State v. White,* 5 Wn. App. 615, 489 P.2d 934 (1971); *State v. Hadsell,* 6 Wn. App. 946, 497 P.2d 254 (1972).

Defendant claimed by her affidavit, in essence, that her guilty plea was not voluntarily entered into. We agree with her that the deficiencies in the record make it impossible to assess, from the totality of the circumstances, the facts as they relate to this issue. Accordingly, we conclude that the defendant is entitled to withdraw her plea of guilty and enter a plea of not guilty in this case.

Reversed.

PETRIE and ARMSTRONG, JJ., concur.