[No. 3075-1. Division One. March 24, 1975.]

THE STATE OF WASHINGTON, *Respondent,* v. WARREN ARM-STEAD, *Appellant.*

*Richard McKinney*, for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Thomas H. Wolfendale, Deputy,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

Defendant pleaded guilty to the crime of robbery. At the time set for sentencing, oral motions were made on defendant's behalf by his retained counsel. The motions sought withdrawal of the guilty plea, substitution of other counsel and a continuance.

The trial court thereupon proceeded to hold a hearing as to the factual basis for the defense motions. At the conclusion of such hearing, the court denied the motions, pronounced judgment and sentenced the defendant Armstead to a penal institution. The case is here on appeal from the denial of defendant's motions with defendant being represented by same counsel as below.

This case was commenced when the defendant Armstead and another party were charged with having committed an armed robbery at the Rainier Jewelers in the Rainier Valley section of Seattle on December 10, 1973. The information so charging them was filed on December 21, 1973. The cases of the two defendants were separated for trial and on March 14, 1974, a jury acquitted the codefendant.

Thereafter plea negotiations took place between the King County Prosecuting Attorney's office and counsel for Mr. Armstead. The prosecutor agreed to amend the charge from armed robbery to robbery and to recommend a deferral of sentence and probation on a plea of guilty by Mr. Armstead.

On March 18, 1974, the case came before the Honorable

Howard J. Thompson on proceedings for a change of plea. The information was amended by deleting reference to a deadly weapon. A written statement of defendant on plea of guilty was also filed at that time. It was in the form prescribed by CrR 4.2(g) and fully advised the defendant of his legal rights and the consequences that could follow a guilty plea. That statement after being signed by the defendant, his counsel, and the deputy prosecutor was entered by the court. The defendant thereupon changed his plea to guilty.

Preparatory to sentencing, the Department of Social and Health Services, Division of Institutions, made a presentence investigation and filed its report with the judge to whom the case had been assigned for sentencing. The report recommended that the defendant be sentenced to a penal institution.

The defendant appeared with his counsel before the Honorable Edward E. Henry on May 9, 1974, the day set for sentencing. The defense motions heretofore referred to, including defendant's motion to change his plea to not guilty, were made, denied by the court and the defendant sentenced to a penal institution. The court subsequently ordered the defendant released on bond pending this appeal.

No contention is made that the prosecutor's office did other than it represented to defense counsel it would do. Neither is there any suggestion that there was any legal impediment to the court deferring sentence and granting probation had the court considered the case an appropriate one for so doing.

## Issues

The following issues are presented on this appeal:

Issue One. Is a motion to withdraw a guilty plea an appealable order?

Issue Two. What is a defendant's burden in seeking to withdraw a plea of guilty?

Issue Three. Did the trial court err in refusing to allow the defendant to withdraw his plea of guilty under the facts of the case?

Issue Four. May this court consider copies of affidavits attached to a brief filed with this court and not otherwise appearing in the record before us?

Issue Five. Did the trial court err in denying the defense motions for a continuance and for a substitution of attorneys?

Issue Six. Is the defendant entitled to be resentenced?

DECISION

Issue One.

CONCLUSION. An appeal can be taken from an order denying a motion to withdraw a plea of guilty when judgment and sentence have been entered thereon.

■ Ordinarily a plea of guilty precludes an appeal. Exceptions to this rule exist, however, in cases where a question is raised as to the validity of the statute violated, the sufficiency of the information, the jurisdiction of the court, or as here, the circumstances under which the plea was entered. *State v. Saylors*, 70 Wn.2d 7, 9, 422 P.2d 477 (1966). *See also State v. Aman*, 11 Wn. App. 536, 524 P.2d 418 (1974).

Issue Two.

CONCLUSION. Under the Criminal Rules for Superior Court adopted July 1, 1973, the burden is on a defendant to establish that the withdrawal of his or her plea of guilty is necessary in order to correct a manifest injustice.

■ Before adoption of the present Superior Court Criminal Rules, the procedures for safeguarding a defendant's rights on a plea of guilty were less strict than they now are. As a consequence, motions to withdraw a plea of guilty were formerly addressed to the discretion of the court and such discretion was to be exercised liberally in favor of life and liberty. *State v. Saylors, supra; State v. Harris*, 57 Wn.2d 383, 385, 357 P.2d 719 (1960).

The new criminal rules, however, set up a strict procedure "carefully designed to insure that the defendant's rights have been fully protected *before* a plea of guilty may be accepted." *State v. Taylor*, 83 Wn.2d 594, 596, 521 P.2d

699 (1974). As a consequence of this, the new rules also changed the burden which a defendant must satisfy in order to withdraw a guilty plea. That burden is expressed in *State v. Taylor* at page 596:

> Under CrR 4.2 (f), adopted by this court, the trial court shall allow a defendant to withdraw his plea of guilty whenever it appears that withdrawal is (1) *necessary* to correct a (2) *manifest injustice, i.e.,* an injustice that is obvious, directly observable, overt, not obscure. *Webster's Third New International Dictionary* (1966). Without question, this imposes upon the defendant a demanding standard.

ISSUE THREE.

CONCLUSION. The trial court did not err in denying defendant's motion to withdraw his guilty plea.

In support of the motion to withdraw defendant's plea of guilty, defense counsel told the trial court that although he had informed the defendant prior to his plea of guilty that while it was theoretically possible the sentencing judge would not follow the prosecutor's recommendation, he felt the defendant could rest assured that such recommendation would be followed. Also at the time the motion was heard, the defendant told the court he was "drunk off barbiturates" at the time he pleaded guilty. It is argued from this that defendant's plea of guilty was involuntary and it was error for the trial court to deny the request for a change of plea.

 The critical point is the time the guilty plea was entered.

The written statement of defendant on plea of guilty filed with the court when the plea of guilty was entered advised the defendant in detail as to his legal rights and the consequences of a guilty plea. This document which the defendant signed and acknowledged he had read contained statements that "I fully understand that the court does not have to follow the Prosecuting Attorney's recommendation as to sentence" and that "[t]he court is completely free to give me any sentence it sees fit no matter what the Prosecuting

64

Attorney recommends." Also interlined in the signed statement were the handwritten words "I robbed rainers jewlery store."

The record further established the following as having taken place before Judge Thompson when the guilty plea was entered:

THE COURT: All right. Mr. Armstead, you have read this statement of defendant on plea of guilty?

MR. ARMSTEAD: Yes.

THE COURT: Do you understand it?

MR. ARMSTEAD: Yes.

THE COURT: Do you understand that by pleading guilty you waive not only all the other things on that statement, but that you can't appeal the disposition, that is, any sentence that is imposed. Do you understand that?

MR. ARMSTEAD: Yes.

MR. McKINNEY: I made that clear, your Honor.

THE COURT: You did rob the Rainier Jewelry Store, is that right?

MR. ARMSTEAD: Yes.

THE COURT: Well, Mr. Armstead, to the amended information charging you with robbery, what do you plead?

MR. ARMSTEAD: Guilty.

THE COURT: Let the record so show. Counsel, you have advised him of all the rights involved?

MR. McKINNEY: Yes, I have.

On May 9, 1974, when the motion to withdraw the guilty plea was made, in addition to hearing from the defendant and his counsel, Judge Henry heard the testimony of a police detective. The detective testified to his opportunity to observe and talk with the defendant following the guilty plea and said that the defendant gave no indication of any impairment. Though the actual document is not a part of the record certified to this court, the statement of facts does reflect that the judge also had benefit of the presentence report and that the report quoted the defendant as to his involvement in the robbery.

At the time the court ruled on the motion to withdraw defendant's guilty plea, it thus had before it and in the record ample evidence both as to defendant's admissions of

guilt and as to the guilty plea having been made knowingly and voluntarily.

The court did not err in holding the defendant had not sustained his burden of proving that a withdrawal of the guilty plea was necessary to correct a manifest injustice. As stated in *State v. Taylor* at page 597:

Greater safeguards have been thrown around a defendant at the critical time of accepting his plea of guilty. Every effort has been made to ascertain that the plea of guilty is made voluntarily, with understanding and with reasonable knowledge of the important consequences. That being the case, trial courts should exercise greater caution in setting aside a guilty plea once the required safeguards have been employed.

Also, as was well expressed by Justice Erickson of the Colorado Supreme Court in *The Finality of a Plea of Guilty*, 48 Notre Dame Law. 835 (1973):

Since rehabilitation cannot truly begin if the accused is still struggling to avoid responsibility for his conduct, the finality of a guilty plea is also an important feature of an effective system of criminal justice.

*Lutton v. Smith*, 8 Wn. App. 822, 509 P.2d 58 (1973) relied on by defendant is distinguishable from the case at bar. That case arose before adoption of the present plea safeguards. It involved a defendant who pleaded guilty to an offense without being advised by either the court or counsel that it carried a 5-year mandatory minimum sentence. As reflected by the statement signed by the defendant in this case, he was fully informed of the sentence which could be imposed.

ISSUE FOUR.

CONCLUSION. Copies of affidavits not a part of the record will not be considered on appeal.

Copies of the affidavits of defendant and defense counsel are appended to brief of appellant. On their face, these cover essentially the same facts stated by defendant and his counsel at the hearing before Judge Henry.

Neither the affidavits nor copies of them appear elsewhere in the record. The copies attached to the brief

bear dates well after the sentencing date and nothing before us reflects that they were ever presented to the trial court for consideration. This court will not consider matters not in the appellate record. CAROA 35; *State v. Williams*, 9 Wn. App. 663, 664, 513 P.2d 1045 (1973).

ISSUE FIVE.

CONCLUSION. The court did not abuse its discretion in denying defense motions for a continuance and to substitute attorneys.

At the time set for sentencing and not before, defense counsel of record asked leave to withdraw from the case and to substitute other counsel. A motion for a continuance was also made at that time. The deputy prosecutor resisted on the ground of previous continuances and delays and the motions were denied.

The trial court did not err in refusing the substitution of attorneys under the circumstances. *United States v. Mitchell*, 137 F.2d 1006, *aff'd on rehearing*, 138 F.2d 831 (2d Cir. 1943), *cert. denied*, 321 U.S. 794, 88 L. Ed. 1083, 64 S. Ct. 785 (1944).

■ The motion for a continuance was addressed to the trial court's discretion. *State v. Sutherland*, 3 Wn. App. 20, 21, 472 P.2d 584 (1970). No abuse of that discretion has been shown.

ISSUE SIX.

CONCLUSION. The defendant has not established the right to be resentenced.

Defendant asks to be resentenced due to claimed inaccuracies in the presentence report. As authority for this request, he relies on *United States v. Tucker*, 404 U.S. 443, 30 L. Ed. 2d 592, 92 S. Ct. 589 (1972) and *Townsend v. Burke*, 334 U.S. 736, 92 L. Ed. 1690, 68 S. Ct. 1252 (1948).

Our court rule relating to presentence investigation authorizes access by a defendant and his counsel to the information in the presentence report. It also specifically requires that the court "shall afford the defendant or his counsel an opportunity for comment or rebuttal." CrR 7.2(c). Here the defendant and his counsel were given

these rights and were heard at some length in that connection. That is the reverse of the situations presented in *United States v. Tucker, supra;* and *Townsend v. Burke, supra,* cited by defendant.

■ Before resentencing will be ordered, a sentence must be shown to be founded at least in part upon "misinformation of constitutional magnitude." *United States v. Tucker, supra* at 447. There was no such showing here. At the time sentence was pronounced, the sentencing judge made it clear that the reason he was not deferring defendant's sentence was because of the seriousness of the offense and not for any of the collateral reasons suggested by the defense.

Presentence reports have become increasingly important over the years. The Report of the Criminal Rules Task Force to the Washington Judicial Council refers to them as the "most important tool in sentencing." *Washington Proposed Rules of Criminal Procedure* 121 (1971). The courts are most reluctant to interfere with the use of presentence reports in accordance with our criminal rules. *State v. Buntain,* 11 Wn. App. 101, 105, 521 P.2d 752 (1974); *State v. Harris,* 10 Wn. App. 509, 512, 518 P.2d 237 (1974).

We affirm.

FARRIS and SWANSON, JJ., concur.

Petition for rehearing denied May 27, 1975.