[No. 1956-2. Division Two. August 9, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. DENNIS O. IREDALE, *Appellant*.

54

*Ronald P. Bell,* for appellant (appointed counsel for appeal).

*Craig Ritchie, Prosecuting Attorney,* and *William Knebes, Deputy,* for respondent.

REED, J.—Defendant Dennis O. Iredale appeals from a judgment and sentence entered upon his pleas of guilty to two counts of second-degree assault. Defendant contends his pleas were equivocal and should not have been accepted. We agree and reverse.

December 30, 1974, defendant was charged in Clallam County Superior Court with two counts of second-degree assault while armed with a knife, "a deadly weapon," as defined in RCW 9.95.040, thus placing defendant in jeopardy of a mandatory prison term if found guilty. On April 3, 1975, defendant appeared with court-appointed counsel, not counsel on appeal, and withdrew previously entered not guilty pleas and entered pleas of guilty to amended charges of second-degree assault, from which the deadly weapon allegations had been deleted. Supplementing his oral pleas of guilt, the defendant signed a statement of defendant on plea of guilty as provided by CrR 4.2(g). In the portion of the form asking for a brief factual statement, defendant had written:

> I was engaged in a fist fight at Loren's Tavern when two other individuals jumped on me. One pulled a knife, so I pulled one also as a matter of self-defense and all three of us received cuts in the melee. I left the scene and I understand that the other two were taken to the hospital. I did not realize that I had been badly cut until after I left the scene.

The trial judge asked defendant if his plea was voluntary and made without threat or promise and if he understood he would not be allowed to change the plea once

entered. Receiving affirmative answers, the court accepted the guilty pleas, approved the CrR 4.2(g) statement and ordered a presentence report. On June 2, 1975, through present counsel, defendant filed a motion to withdraw his pleas, asserting *inter alia* that he had acted in self-defense. On June 20, 1975, this motion was denied and on June 27, 1975, a request for reconsideration was denied and defendant was sentenced to two concurrent 10-year terms.

The principal issue on appeal is whether the trial court erred in accepting the pleas of guilty, entering judgment thereon, and in refusing to permit them to be withdrawn. A second issue involves defendant's claim he was not brought to trial within 90 days as required by CrR 3.3.

■ CrR 4.2 governs the procedure for accepting pleas of guilt and reads in pertinent part:

(d) **Voluntariness.** The court shall not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

. . .

(f) **Withdrawl of Plea.** The court shall allow a defendant to withdraw his plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice.

In the instant case the trial judge properly determined defendant's plea was voluntary in the sense that it was not the product of fear, threat, coercion, pressure, deception, or promise. More is needed, however. If the plea is equivocal it may evince a lack of understanding of the nature of the charge, in which case it cannot be said to be truly voluntary. *Woods v. Rhay*, 68 Wn.2d 601, 414 P.2d 601 (1966).

In *State v. Stacy*, 43 Wn.2d 358, 363, 261 P.2d 400 (1953), our Supreme Court said

whenever a defendant attempts to make a plea which by its very wording couples a protestation of innocence with an assertion of guilt, the trial court should refuse to accept the plea until the equivocation therein has been eliminated; and, if the defendant persists in attempting

to enter such a plea, the trial court should require the defendant to stand trial on the offense charged.

Since *Stacy*, the reported decisions of this state have steadfastly adhered to its holding: *State v. Knutson*, 11 Wn. App. 402, 523 P.2d 967 (1974); *State v. Watson*, 1 Wn. App. 43, 459 P.2d 67 (1969); *DuPuis v. Maxwell*, 68 Wn.2d 700, 415 P.2d 1 (1966); *State v. Mullin*, 66 Wn.2d 65, 400 P.2d 770 (1965); *Woods v. Rhay, supra.*

In *DuPuis v. Maxwell, supra,* the court reiterates the *Stacy* requirement that the trial judge inquire into any apparent equivocation so it may be eliminated or the plea rejected, saying at page 700:

> We are satisfied that, under all the circumstances revealed, petitioner's plea of guilty was in fact equivocal, and that the equivocation was not clarified to the extent necessary to permit acceptance of the plea.

In *State v. Taylor*, 83 Wn.2d 594, 521 P.2d 699 (1974), the court discussed the interplay of CrR 4.2(f), which permits withdrawal of a guilty plea, with CrR 4.2(d), which governs acceptance of the plea in the first instance. While approving a refusal to permit withdrawal in that case, because defendant did not carry his burden of showing a manifest injustice would otherwise result, the *Taylor* court said at page 597:

> The comprehensive protective requirements of CrR 4.2(d), (e) and (g) present a striking contrast to the less strict procedures formerly associated with RCW 10.40.175 and its connected cases. Greater safeguards have been thrown around a defendant *at the critical time of accepting his plea of guilty*. Every effort has been made to ascertain that the plea of guilty is made voluntarily, with understanding and with reasonable knowledge of the important consequences. That being the case, trial courts should exercise greater caution in setting aside a guilty plea *once the required safeguards have been employed*.

(Footnote omitted. Italics ours.) *See also State v. Armstead*, 13 Wn. App. 59, 533 P.2d 147 (1975).

Unlike the defendant in *Taylor*, however, defendant Iredale directly attacks the trial court's failure to comply with

CrR 4.2(d) by accepting his equivocal plea. We agree the court erred because defendant's resumé of the facts falls far short of an admission he did "wilfully, unlawfully and feloniously make an assault" on the victims named in the amended information. Contrariwise, defendant's statement appears to be an attempt to admit he used a knife upon the two victims, but did so in defense of his own person. A very similar plea was tendered in *State v. Watson, supra,* in which the trial judge refused to accept a plea of guilty to manslaughter and the defendant was tried on the original information charging murder in the first degree and found guilty of murder in the second degree. Division Three of this court approved the trial court's refusal to accept the plea and affirmed the judgment, saying at page 45:

> Defendant's comments, and the comments of one of his counsel, evidence a possible claim of self-defense and an assertion that defendant's actions were justified.
>
> A plea of "guilty" coupled with a claim of justification is equivocal and the court was correct in refusing to accept such plea. *State v. Mullin,* 66 Wn.2d 65, 400 P.2d 770 (1965).

Defendant's equivocal statement was the only source from which the trial judge could determine if there was a factual basis for the plea. The State made no offer of proof nor did it present affidavits of potential witnesses, police reports, or anything which might have enlightened the court further. The State argues the presentence report before the court at the time of sentencing shows defendant was not justified in using a knife in the first instance, having provoked the incident, and that he had an opportunity to withdraw from the encounter, but chose to remain and fight. The State maintains the factual basis requirement of CrR 4.2(d) was thus satisfied and the equivocation eliminated. We disagree. First, the presentence report itself and affidavits of other eyewitnesses to the fray contained matters which served to bolster defendant's theory he acted in self-defense. Though there were other versions somewhat contradictory to defendant's recitation, the total effect of the materials presented was to perpetuate the equivoca-

tion. Second, CrR 4.2(d) is modeled after Fed. R. Crim. P. 11,[1] and contemplates that the facts be provided the court at the time of the plea; it has been suggested this may be done either by personal interrogation of the defendant by the judge or through the state's offering a prima facie case. *See Washington Proposed Rules of Criminal Procedure,* Comment of the Official Task Force 49 (1971), and Note of Advisory Committee on Criminal Rules to the 1966 amendment to Fed. R. Crim. P. 11.

■ We believe CrR 4.2(d) should be interpreted as was Fed. R. Crim. P. 11 in *Irizarry v. United States,* 508 F.2d 960 (2d Cir. 1974), footnote 7 at page 967:

The Rule [Fed. R. Crim. P. 11] refers to not entering a judgment, rather than not accepting a plea, unless there is a factual basis for the plea. On its face, this seems to imply that the determination of factual basis may be postponed until sentencing. However, to bifurcate the inquiry in this manner would be counterproductive and could lead to confusion. The Rule permits the court to *review the facts* at the time of sentencing, and to *reject a previously accepted plea* if the facts developed in the presentence report or elsewhere tend to cast doubt on the plea's factual basis. "But the incorporation of this 'escape-hatch' in the Rule does not relieve the judge of making the inquiries required *at the time the plea is*

[1]Fed. R. Crim. P. 11, provides in relevant part:

"(d) Insuring That the Plea is Voluntary. The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement.

" . . .

"(f) Determining Accuracy of Plea. Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

"(g) Record of Proceedings. A verbatim record of the proceedings *at which the defendant enters a plea* shall be made and, if there is a plea of guilty or nolo contendere, the record shall include, without limitation, the court's advice to the defendant, the inquiry into the voluntariness of the plea including any plea agreement, *and the inquiry into the accuracy of a guilty plea.*" (Italics ours.)

*taken."* 8 J. Moore, Federal Practice, ¶ 11.03 [4] at 11-67 (2d ed. 1974) (footnote omitted).

(Italics ours.)

The State urges us to follow *North Carolina v. Alford*, 400 U.S. 25, 27 L. Ed. 2d 162, 91 S. Ct. 160 (1970), which permits acceptance of a plea of guilt even though coupled with an assertion of innocence. In *Alford*, the evidence of guilt was very strong and the defendant, upon advice of competent counsel, voluntarily and with a full appreciation of the nature of the charge and of the various alternatives available to him, insisted he wished to avoid a trial and a possibility the death penalty would be imposed. He, in effect, conceded he would very likely be found guilty if he defended. We do not see the instant case as calling for application of the *Alford* rule. Each defendant was motivated by a desire to avoid a more serious penalty, but there the similarity ends. It is not clear defendant Iredale fully appreciated the nature of the charges against him or the weaknesses of his possible defense of justification. He, thus, cannot be said to have had a full appreciation of the alternatives available to him. Neither is this a case where a defendant continues to persist in his efforts to plead guilty after all of the matters going to make up the factual basis for the plea are made known to him and the court. On the contrary, defendant Iredale sought to withdraw his plea, through newly retained counsel, prior to the imposition of judgment and sentence. Nor is this a case where a defendant has enjoyed the fruits of probation and then attacks his plea when faced with revocation proceedings, as in *State v. Rose*, 42 Wn.2d 509, 256 P.2d 493 (1953).

On July 29, 1976, our State Supreme Court decided *State v. Newton*, 87 Wn.2d 363, 552 P.2d 682 (1976), which we read as adopting the *Alford* rationale and approving the acceptance of equivocal pleas in an approved *Alford* setting. In *Newton*, the court adopts a construction of CrR 4.2(d), based on federal court interpretations of Fed. R. Crim. P. 11, citing *Irizarry v. United States, supra,* and *United States v. Davis*, 493 F.2d 502, 503 (5th Cir. 1974),

and holds the "factual basis" may be furnished by information from any reliable source entirely apart from defendant's admissions, as for example, a presentence report. Prior thereto, when passing on the question of bail, the trial court had before it affidavits from several witnesses, which evidenced the State had a very strong case against the defendant.

It was not necessary for the *Newton* court to address the central issue confronting us, however. CrR 4.2 became effective July 1, 1973; it did not govern the acceptance of the *Newton* plea on June 11, 1973, but only the sentencing on August 1, 1973. Had the rule been in effect on June 11, 1973, we are convinced our Supreme Court would hold as we do and construe the rule as requiring a factual basis at the time the plea is tendered and not as permitting its deferral until sentencing. In *Irizarry v. United States, supra,* relied upon by the *Newton* court for its construction of CrR 4.2(d), the footnote we quoted herein is appended to the following language at page 967:

> However, the fact that the court may refer to additional material does not answer Irizarry's objection that this material was not made a part of the record of the proceedings at which the plea was entered. Any additional facts on which the court relies in determining that there is a factual basis for the plea must be put into the record at the time of the plea. *See,* Manley v. United States, 432 F. 2d 1241 (2d Cir. 1970) *(en banc).*

(Footnote omitted.)

■ As a means of avoiding similar suspect pleas, we would commend to the trial judges of this state the practice of using the CrR 4.2(g), Statement of Defendant on Plea of Guilty No. 13, as a "checklist" only, and not as a substitute for personal interrogation of the defendant. *Washington Proposed Rules of Criminal Procedure,* Comment of the Official Task Force 50 (1971). This will insure compliance with CrR 4.2(d) and any other constitutional concerns with the acceptance of guilty pleas. Such a procedure will enable the court to satisfy itself before acceptance of the plea that it is truly voluntary and that the defendant understands

the nature of the charge. The matters elicited by such interrogation, *when coupled with other reliable information available at the time the plea is offered,* will provide the necessary factual basis for the plea. Further, the trial court will thereby develop a more complete record in support of its determinations if there should be a later post-conviction challenge to the plea's acceptance. *Cf. McCarthy v. United States,* 394 U.S. 459, 22 L. Ed. 2d 418, 89 S. Ct. 1166 (1969); [2] *Irizarry v. United States, supra.*

For the reasons stated above, we hold defendant Iredale's pleas of guilty were equivocal because they contained assertions of justification which, if believed, could constitute a defense to the charges. Further, they evince a lack of understanding of the nature of the charges. They should not have been accepted without a demonstration on the record of the required factual basis and it was, therefore, error not to permit withdrawal of the pleas under CrR 4.2(f) to prevent a manifest injustice. *Cf. State v. Taylor, supra; State v. Armstead, supra.*

██ Defendant's final contention that he was not tried within 90 days as required by CrR 3.3 is without merit because he did not move for dismissal prior to tendering his plea and has raised the issue for the first time on appeal. *State v. Williams,* 85 Wn.2d 29, 530 P.2d 225 (1975).

The judgment, sentences, and pleas are vacated and the cause is remanded to the Superior Court for Clallam County for further proceedings.

PETRIE, C.J., and PEARSON, J., concur.

Petition for rehearing denied September 16, 1976.

Review denied by Supreme Court March 8, 1977.

---

[2] Even though *McCarthy v. United States,* 394 U.S. 459, 22 L. Ed. 2d 418, 89 S. Ct. 1166 (1969) was decided, not on constitutional grounds per se, but pursuant to the court's supervisory control over the lower federal courts, and involved its construction of the federal rule, we subscribe to its rationale and adopt it in our construction of CrR 4.2, except to the extent it *mandates* personal interrogation of a defendant.