**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 81059-6-I (consolidated with |
| | ) | No. 81193-2-I) |
| Appellant/Cross-Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| AMOS CARMONA CRUZ, | ) | |
| | ) | UNPUBLISHED OPINION |
| Respondent/Cross-Appellant. | ) | |
| | ) | |

MANN, C.J. — Amos Carmona Cruz was charged in 2018 with driving under the influence (DUI). The charge was elevated to a class B felony based on Carmona Cruz's prior 2013 conviction for vehicular assault involving alcohol. In response, Carmona Cruz moved to vacate the 2013 judgment and sentence. The trial court vacated the judgment and sentence finding it invalid on its face. The State appeals the trial court's order vacating Carmona Cruz's 2013 judgment and sentence. Carmona Cruz cross-appeals the trial court's subsequent findings and conclusions denying his motion to withdraw his 2013 guilty plea.

Because Carmona Cruz's motion to vacate the 2013 judgment and sentence should have been transferred to this court as a personal restraint petition (PRP), we

Citations and pin cites are based on the Westlaw online version of the cited material.

reverse the trial court's order vacating the judgment and sentence and remand for the trial court to transfer the motion to this court as a PRP. In addition, because Carmona Cruz's motion to withdraw his guilty plea was not properly before the trial court, we vacate the trial court's findings and conclusions. We reverse and remand.

FACTS

On September 9, 2013, Carmona Cruz pleaded guilty to one count of vehicular assault. The charge arose from a November 2012 incident where Carmona Cruz admitted to driving a vehicle under the influence of alcohol and causing substantial bodily injury to his passenger. As part of the plea, Carmona Cruz was informed that he was giving up his right to appeal a guilty verdict, but that he could appeal an exceptional sentence. Carmona Cruz was sentenced to three months in jail on September 9, 2013. The following preprinted language was stricken from the Snohomish County Superior Court form judgment and sentence:

> **RIGHT TO APPEAL.** If you plead not guilty, you have a right to appeal this conviction. If the sentence was imposed outside of the standard sentencing range, you also have the right to appeal the sentence. You have also have the right to appeal in other circumstances.

Approximately five years later, Carmona Cruz was charged with a DUI. Because of his 2013 conviction for vehicular assault, the DUI was elevated to a class B felony under RCW 46.61.502(6)(b)(ii).

On November 14, 2019, Carmona Cruz moved to vacate the 2013 judgment and sentence and withdraw his guilty plea. The motion to vacate asserted three reasons for vacating the judgment and sentence: (1) that Carmona Cruz's request to proceed pro se was improperly accepted; (2) that Carmona Cruz's guilty plea was improperly accepted;

and (3) that Carmona Cruz was improperly advised of his right to appeal. The State responded that Carmona Cruz's motion to vacate was a time-barred collateral attack under RCW 10.73.090 (one-year time limit for collateral attack) and should be transferred to the Court of Appeals as a PRP under CrR 7.8(c)(2).

On December 13, 2019, the trial court issued its order on the motion to vacate. The court first determined that the 2013 judgment and sentence was invalid on its face due to the stricken "right to appeal" language. And because it was invalid, the court found that the one-year time bar for collateral attack under RCW 10.73.090 did not apply. The court vacated the 2013 judgment and sentenced and ordered that Carmona Cruz appear for entry of a new judgment and sentence, to advise him of his rights to direct appeal, and to afford him the time to file a direct appeal.

On the two remaining issues—waiver of right to counsel and entry of guilty plea—the trial court determined that the one-year time bar in RCW 10.73.090 applied, and that Carmona Cruz had not made a substantial showing that he was entitled to relief. Consequently, under CrR 7.8(c)(2), the trial court determined those two issues should be transferred to the Court of Appeals as a PRP. The PRP was filed with this court on February 28, 2020, and assigned Case Number 81162-2-I.[1] After unsuccessfully moving for reconsideration, on January 30, 2020, the State appealed.

Meanwhile, because the trial court's order invalidated the 2013 judgment and sentence, on January 30, 2020, Carmona Cruz moved the trial court to withdraw his

---

[1] The petition was subsequently dismissed after Carmona Cruz failed to pay the appeal fee or provide a statement of finances.

2013 guilty plea.  On February 27, 2020, the trial court entered findings of fact and conclusions of law denying Carmona Cruz's motion to withdraw his guilty plea in the 2013 matter.  Carmona Cruz appealed and the appeals were consolidated.

## ANALYSIS

### A. Authority for Appeal

Carmona Cruz first contends that we should not consider the State's appeal because RAP 2.2 does not permit the State to appeal the order denying its motion for reconsideration.  We disagree.

While RAP 2.2(b) limits the State's authority to appeal in criminal cases, there is no dispute that RAP 2.2(b)(3) authorizes the State to appeal "an order arresting or vacating a judgment."  Thus, the State was authorized to appeal the trial court's decision vacating the 2013 judgment.  There is also no dispute that the time to file an appeal is 30 days from the decision to be appealed or 30 days from a motion to reconsider.  RAP 5.2(a), (e).  Consequently, the State's appeal was timely.

Carmona Cruz is correct that the State's notice of appeal designated the trial court's order denying its motion for reconsideration and not the underlying order vacating the judgment and sentence.  But this does not preclude our review.  RAP 2.4(b) provides:

> The appellate court will review a trial court order or ruling not designated in the notice, including an appealable order, if (1) the order or ruling prejudicially affects the decision designated in the notice, and (2) the order is entered, or the ruling is made, before the appellate court accepts review.

Under RAP 2.4(b), we will consider the trial court's order vacating the 2013 judgment and sentence.

B. <u>Trial Court Order Vacating 2013 Judgment and Sentence</u>

The State argues that the trial court erred when it found that Carmona Cruz's motion to vacate the 2013 judgment and sentence was not time barred by the one-year limit for collateral attacks under RCW 10.73.090. We agree.

We review the trial court's CrR 7.8 ruling to vacate a judgment for an abuse of discretion. <u>State v. Zavala-Reynoso</u>, 127 Wn. App. 119, 122, 110 P.3d 827 (2005). "A trial court abuses its discretion when it bases its decision on untenable grounds or reasons." <u>Zavala-Reynoso</u>, 127 Wn. App. at 122.

Carmona Cruz's motion to vacate was based on CrR 7.8(b)(1) and (5). CrR 7.8(b)(1) allows relief from a final judgment if there was "[m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order." CrR 7.8(b)(5) allows relief from final judgment when "[t]he judgment is void." Because Carmona Cruz was asserting that the 2013 judgment and sentence was mistaken or void, a motion under CrR 7.8(b)(1) was appropriate. But even if the motion was appropriate, the trial court's authority to decide a motion for relief from judgment is limited. Under CrR 7.8(c)(2):

> The [trial] court shall transfer a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition unless the [trial] court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing.

Under this rule, the trial court must determine first whether the motion is time barred under RCW 10.73.090, and if not, whether the defendant has either made a substantial showing that they are entitled to relief or resolution requires a factual

hearing.  If the motion is time barred by RCW 10.73.090, it must be transferred directly to the Court of Appeals.

RCW 10.73.090(1) prohibits collateral attacks on valid judgments unless the attack is filed within one year:

> No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.[2]

Because Carmona Cruz's motion to vacate was filed approximately five years after entry of the 2013 judgment and sentence, the motion was untimely under the plain language of RCW 10.73.090(1), unless the 2013 judgment and sentence was not "valid on its face."

As our Supreme Court has explained, "for the petitioner to avoid the one-year time bar, he or she must show that the judgment and sentence is 'facially invalid.'" In re Pers. Restraint of Coats, 173 Wn.2d 123, 138, 267 P.3d 324 (2011) (quoting In re Pers. Restraint of LaChapelle, 153 Wn.2d. 1, 6, 100 P.3d 805 (2004)).  While review is not limited to the four corners of the document, review is limited to "documents that reveal some fact that shows the judgment and sentence is invalid on its face because of legal error."  Coats, 173 Wn.2d at 138-39.  Carmona Cruz argues, and the trial court agreed, that the 2013 judgment and sentence was invalid on its face because the paragraph in

---

[2] A collateral attack is defined to mean: "any form of postconviction relief other than a direct appeal."  "Collateral attack" includes, but is not limited to, a personal restraint petition, a habeas corpus petition, a motion to vacate judgment, a motion to withdraw guilty plea, a motion for a new trial, and a motion to arrest judgment."  RCW 10.73.090(2).  There is no dispute that Carmona Cruz's motion to vacate was a collateral attack on the judgment.

Snohomish County's form judgment and sentence addressing the right to appeal was stricken. We disagree.

Article I, section 22 of the Washington Constitution provides: "In all criminal prosecutions the accused shall have . . . the right to appeal in all cases." CrR 7.2(b) enforces this right by requiring trial courts, after sentencing, to inform the defendant of their appellate right. The rule provides, in relevant part:

> The court shall, immediately after sentencing, advise the defendant: (1) of the right to appeal the conviction; (2) of the right to appeal a sentence outside the standard sentence range.

But contrary to Carmona Cruz's argument, nothing in CrR 7.2(b) requires a written notification of the right to appeal in the judgment and sentence itself. Thus, while Snohomish County's form judgment and sentence includes a section addressing the defendant's right to appeal, it was not required to do so.[3] Striking the form language, therefore, does not render the judgment and sentence void on its face.[4]

Because the judgment and sentence was not invalid on its face, the trial court erred in determining that under CrR 7.8(c), it was not required to transfer the motion to vacate to this court. More than a year had passed and the judgment was not invalid on its face. The trial court was required to transfer Carmona Cruz's motion to vacate to this court as a PRP. We vacate the trial court's decision vacating the 2013 judgment and sentence and remand for the trial court to transfer Carmona Cruz's motion to vacate to this court as a PRP.

---

[3] We note that the Washington standard felony judgment and sentence does not include language about the defendant's right to appeal. See WPF CR 84.0400 J.

[4] Moreover, the form language in Snohomish County's form states: "If you plead not guilty, you have a right to appeal this conviction." Because Carmona Cruz did not plead not guilty, the form language was inapplicable and was correctly stricken.

C. Cross Appeal — Motion to Withdraw Guilty Plea

We do not address Carmona Cruz's appeal of the trial court's order denying his motion to withdraw his guilty plea. Because we reverse the trial court's order vacating the 2013 judgment and sentence, the judgment and sentence remains in effect. Carmona Cruz's motion to withdraw his guilty plea is therefore untimely under RCW 10.73.090 and may only be considered as a PRP before the Court of Appeals. CrR 7.8(c)(2).[5]

We reverse the trial court's order vacating the 2013 judgment and sentence and remand for the trial court to transfer Carmona Cruz's motion to vacate to this court as a PRP. We vacate the trial court's findings and conclusions denying Carmona Cruz's motion to withdraw his guilty plea.

Reversed, remanded, and vacated.

_____
Mann, C.J.

WE CONCUR:

_____          _____
Brunner, J.                                       Chun, J.

---

[5] Moreover, even if the 2013 judgment and sentence is invalid on its face, an order denying a motion to withdraw a guilty plea is not an appealable order. RAP 2.2(a). Instead, the order may potentially become appealable once a new judgment and sentence is entered, but not before. State v. Amstead, 13 Wn. App. 59, 61-62, 533 P.2d 147 (1975).