[No. 175.   Decided July 1, 1891.]

THOMAS WATSON v. THE STATE OF WASHINGTON.

CRIMINAL LAW — ASSAULT WITH INTENT TO MURDER — INFORMA-
TION — ALLEGATIONS.

An information which alleges in the formal part that the defend-
ant is "guilty of the crime of assault with intent to commit mur-
der," but which fails, in setting out the acts constituting an assault,
to affirmatively charge that by such acts defendant intended to
murder the party assaulted, merely charges the crime of assault.

Where, upon such information, defendant has been sentenced for
a term beyond the power of the court to impose for the crime
charged, he will not be discharged on a reversal of the judg-
ment, but the case will be remanded with instructions to the court
below to sentence the defendant as upon conviction for simple
assault.

*Appeal from Superior Court, Lewis County.*

The facts are fully stated in the opinion.

*McGinn & Simon,* for appellant.

The opinion of the court was delivered by

HOYT, J. — Appellant was placed upon trial in the superior court of Lewis county, on an information substantially as follows:

"Comes now W. A. Reynolds, prosecuting attorney for said Lewis county, State of Washington, the said superior court of the said Lewis county being in session, and the grand jury for said county not being in session, and now here said prosecuting attorney gives said superior court to understand and to be informed by this information that the above named Thomas Watson is guilty of the crime of assault with intent to commit murder, committed as follows: The said Thomas Watson, in said Lewis county, State of Washington, to wit, the 19th day of April, A. D. 1890, feloniously, purposely, and of his deliberate and premeditated malice, and in a rude, insolent and angry manner, did then and there assault, and unlawfully attempt to touch, strike, beat, wound and shoot C. A. Morgan, then and there having the present ability so to do, by then and there feloniously, purposely, and of his deliberate and premeditated malice, and in a rude, insolent and angry manner, shooting at said C. A. Morgan with a revolver, which he, the said Thomas Watson, then and there held in his hands."

A verdict of guilty was rendered in the action, and the court proceeded to pass sentence thereon. At that time, and before sentence had been imposed, counsel for appellant suggested to the court that the information only charged the crime of assault, and asked that sentence be imposed for that crime only. The court, however, was of the opinion that the information sufficiently charged the crime of assault with intent to commit murder, and sentenced the appellant to imprisonment in the penitentiary at hard labor for three years. To such judgment and sentence appellant duly excepted, and the case is now here for review; the only question involved in the appeal being as to whether or not such information charges the crime of assault with intent to commit murder. It will be seen that

the question as to the sufficiency of this information was raised by the appellant at the first opportunity. He could not demur thereto, because it sufficiently charged the crime of assault, and therefore the question is not here presented as to what would be the effect of laches on the part of the defendant in seasonably raising objection to an information defective like the one in this action. The simple and only question is as to the sufficiency of the information to resist a seasonable attack.

The crime of assault with intent to commit murder is made up of two distinct, substantive elements: *First*, there must be an assault; and, *secondly*, there must be the intent to commit murder. The intent is said to be the gist of the offense, and all the authorities concur in holding that, without a sufficient allegation and proof of such intent, there can be no conviction for the aggravated assault. 1 Whart. Crim. Law, § 641; 2 Bish. Crim. Proc., §§ 77, 651; *State v. Neal*, 37 Me. 468. There is nothing better settled in the law than that in criminal pleading all the facts necessary to constitute the offense must be charged in the information; and, applying that rule to the crime attempted to have been charged in this cause, it will be seen that, to constitute a good information, there must have been an affirmative allegation of acts constituting an assault, and a like allegation that by such acts the person charged intended to murder the injured party. An examination of the information above set out will show that the only place therein, where intent is at all mentioned, is in the formal part where the name of the alleged offense is given. Can such a simple naming of the offense be said to charge that the acts constituting the assault were committed with the necessary intent? I think not. It might as well be said that the acts constituting the assault were sufficiently charged in the same clause as included in the name of the crime, for, as we have seen, an affirmative allegation of the

intent is equally as necessary as that of the assault. Of course no one would contend that the crime of assault would be sufficiently charged by simply naming it as the offense which had been committed, without in any way setting out the facts constituting the same, and I think it equally clear that the simple naming of the intent as a part of the name of the crime is likewise insufficient. When the prosecutor says that he charges the defendant with the crime of an assault with intent to commit murder, the most liberal system of pleading will not allow such allegation to be treated as an affirmative allegation that an assault has been committed, and that the defendant in doing the acts constituting the assault did them with the intent to commit murder. The only crime charged in the information is that of assault, and the court should have imposed sentence therefor only.

The sentence to imprisonment for the term of three years was beyond the power of the court to impose for such crime, and therefore was unwarranted. Such being the condition of the cause, counsel for appellant contends that this court should not only reverse the judgment and sentence, but should remand the cause, with instructions to discharge the defendant. I do not think that such should be the result of the appeal. When a criminal cause brought here by the defendant on appeal is reversed, the usual result is only to have the cause remanded, with instructions, express or implied, to correct the error, and then proceed; and the fact that the defendant has, pending the appeal, been confined has no legal bearing upon the after proceedings. As a matter of fact, however, the courts usually take into consideration all the circumstances of the case in imposing punishment, and, as one of such circumstances, the time defendant has been in jail. When an appeal is taken the finality of the judgment is suspended, and if such appeal

results in a reversal, the cause stands as though no judgment had been rendered. For these reasons I think that the cause should be reversed and remanded, with instructions to the court below to sentence the defendant as upon conviction for simple assault.

ANDERS, C. J., and SCOTT, DUNBAR, and STILES, JJ., concur.