BENSON v. BULGER, Supervising Inspector, et al.

(District Court, W. D. Washington, N. D. April 26, 1918.)

No. 147.

PILOTS ☞5—REVOCATION OF LICENSES—CHARGES.

A charge by steamboat inspectors against a pilot, alleging inattention to duty and disregard of pilot rule 16, relating to navigation in fogs and mists, falling snow, or rainstorms, does not authorize the inspectors to suspend the pilot's license, merely because it refers incidentally to Rev. St. § 4442 (Comp. St. § 8204), relating to suspension or revocation of licenses, in view of section 4450 (Comp. St. 1916, § 8212), and Comp. St. 1916, § 7907, relating to the regulation of pilots.

In Equity. Suit for injunction by George E. Benson against John L. Bulger, as Supervising Inspector for the First District, Steamboat Inspection Service, Department of Commerce of the United States, and others. On motion to dismiss bill. Denied.

Peterson & Macbride, of Seattle, Wash., for complainant.

Clay Allen, U. S. Atty., and Donald A. McDonald, Asst. U. S. Atty., both of Seattle, Wash., for defendants.

NETERER, District Judge. Complainant prays that the defendants be enjoined from enforcing an order suspending his license as master and pilot of steam vessels, alleging that he is a citizen of the United States, duly licensed under the law; that on the 5th day of October,

1917, while he was acting as master of the steamer Tolo, operating on Puget Sound in a dense fog, and while operating in accordance with the laws of the United States and pilot rules, without fault on his part, said vessel collided with the tug Magic and was sunk in about 100 fathoms of water; that on October 16th following the local inspectors (defendants) filed charges against the petitioner as follows:

"You, as a licensed officer of steam vessels, are hereby charged with inattention to your duties and violation of section 4442, R. S. U. S., in connection with the navigation of the steamer Tolo, of which you were master and pilot and in charge of the navigation of said vessel when she collided with the steamer Magic on October 5, 1917, disregarding the provisions of article 16 of the Pilot Rules for certain inland waters of the Atlantic and Pacific Coasts and of the coasts of the Gulf of Mexico, as follows:

" 'Every vessel shall, in a fog, mist, falling snow, or heavy rainstorm, go at a moderate speed, having careful regard to the existing circumstances and conditions.

" 'A steam vessel hearing, apparently forward of her beam, the fog signal of a vessel, the position of which is not ascertained shall, so far as the circumstances of the case admit, stop her engines, and then navigate with caution until danger of collision is over.'

"You are directed to appear at this office, 506 Securities Bldg., Seattle, Wash., October 23d, at 10 a. m. You are advised that you may be represented by counsel.

"Respectfully,　　　　　　　　　　　Thomas P. Deering,
　　　　　　　　　　　　　　　　　"Savine L. Craft,
　　　　　　　　　　　　　　　　　　　　"Local Inspectors."

It is then alleged that on the 26th of October said inspectors rendered a decision sustaining said charges, and on the 30th of October the Treasury Department, through the collector of customs for the port of Seattle, notified the complainant that a fine of $50 had been imposed. It is further alleged that the local inspectors, by order, suspended the license of the complainant for the period of six months, and directed the surrender of the license to the local inspectors; that an appeal from said decision was taken to the supervising inspector, John K. Bulger, who refused to entertain said appeal; that the defendants have each, at all times since, refused to recognize the petitioner's right to act as a licensed pilot or master, and advised him that his license cannot be extended or renewed; that complainant has been engaged as a navigator and licensed officer of steam vessels for nearly 15 years last past, that being his sole occupation and means of support; that he has no other adequate means of providing a livelihood for his family; and that, unless relief be granted, he will be permanently prevented from obtaining employment as such mariner.

The defendants have moved to dismiss the bill, on the ground that it "does not state any matter of equity entitling plaintiff to the relief prayed for, nor are the facts as stated sufficient to entitle plaintiff to any relief against these defendants."

It is contended by the complainant that the only fault charged against him is the violation of pilot rule No. 16, notwithstanding reference is made to section 4442, Rev. Stat. (U. S. Comp. Stat. 1916, § 8204), and that the only penalty prescribed for the violation of rule 16 is a fine of $50, and that the order of suspension of license was beyond the power of the board to assess.

Section 4442, supra, provides for the granting of license to a skillful pilot of steam vessels, after ascertaining that he possesses the requisite knowledge and skill and is trustworthy and faithful, and further provides that:

"Such license shall be suspended or revoked upon satisfactory evidence of negligence, unskillfulness, inattention to the duties of his station, or intemperance, or the willful violation of any provision of this title."

Section 4450 of the same act (U. S. Comp. Stat. 1916, § 8212) provides for the investigation of acts of incompetency or misconduct committed by any licensed officer while acting under the authority of his license, and provides that:

"After reasonable notice in writing, given to the alleged delinquent, of the time and place of such investigation, * * * the board shall be satisfied that such licensed officer is incompetent, or has been guilty of misbehavior, negligence, or unskillfulness, they shall immediately suspend or revoke his license."

Section 7907, U. S. Comp. Stat. 1916 (Act June 7, 1897, c. 4, § 3, 30 Stat. 102), provides:

"Every pilot, engineer, mate, or master of any steam-vessel * * * who neglects or refuses to observe the provisions of this Act * * * shall be liable to a penalty of fifty dollars: * * * Provided, that nothing herein shall relieve any vessel, owner or corporation from any liability incurred by reason of such neglect or refusal."

This court, in Fredenberg v. Whitney, 240 Fed. 819, at page 824, said:

"The law in issue is clearly penal, and under all of the authorities, must be strictly construed. Liberal construction, as suggested by the defendants, cannot prevail in such a proceeding. Nor can the penalty be invoked and the provisions enforced unless the penalty is plainly imposed by the statute."

The only reasonable construction, it would appear, that can be made of the charge, is that the specific allegations must control, and the general reference to section 4442 held surplusage. Such interpretation is not without authority. Watson v. State, 2 Wash. 504, 27 Pac. 226.

Again, the statute, being penal, must be strictly construed. The only statement having relation to section 4442 is "inattention to your duty"; whereas, the language of the section is "inattention to the duties of his station." The mere reference to section 4442, supra, by the use of the language employed, can have no operative effect against the specific acts set out under pilot rule 16. Whether the complainant could be proceeded against under section 4442, supra, and pilot rule 16, for the same act, by specific charges under the section and rule, is not before the court; it clearly appearing to my mind that the only charge made, to which the complainant was required to respond, was the violation of pilot rule 16. Nor is the matter of the surrender of the license before the court. The defendants, having exceeded the power conferred by law, acted without jurisdiction in suspending the license, and therefore it has no operative effect. Upon the record, this court has jurisdiction.

The motion to dismiss will be denied.