[No. 6538–0–II.   Division Two.   October 2, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN
JAY LUJAN, *Appellant.*

*Mark F. Baum,* for appellant (appointed counsel for appeal).

*Arthur D. Curtis, Prosecuting Attorney,* and *Roger A. Bennett, Deputy,* for respondent.

WORSWICK, A.C.J.—John Jay Lujan appeals conviction of first degree escape (RCW 9A.76.110) and a determination that he is a habitual criminal (RCW 9.92.090). The convictions underlying the escape conviction were based on guilty pleas. The convictions, other than the escape conviction, underlying the habitual criminal determination were also based on guilty pleas. Lujan's attorney claimed below that the pleas were invalid, but presented no evidence. The dispositive issue is whether, in these circumstances, statements of defendant on plea of guilty, complete on their face, were sufficient evidence of the validity of the pleas.

We affirm, holding they were.

Lujan was convicted of four counts of second degree burglary on June 10, 1976. On March 18, 1981, he was convicted of two separate charges of second degree burglary. On May 18, he escaped from a state corrections facility where he was serving sentences for the two 1981 convictions. A jury found him guilty of first degree escape. In the habitual criminal proceeding which followed, the State relied for the requisite convictions on the 1976 burglary convictions, the 1981 burglary convictions and the escape conviction.

At the escape trial, the State proved the underlying felony by introducing the judgments and sentences from the two 1981 burglary convictions. Lujan's attorney stated that, because both were based on guilty pleas, the State had to prove validity of the pleas beyond a reasonable doubt. The State thereupon introduced signed guilty plea statements. Lujan offered no evidence that the pleas were in fact invalid; instead he argued that the plea statements themselves were inadmissible without supporting transcripts of the plea hearings.

Lujan's attorney raised the same objection at the habitual criminal proceeding. This time, the State introduced hearing transcripts from the 1981 plea hearings, but had been unable to locate such a transcript for the plea leading to the 1976 conviction. Lujan's attorney again argued that the plea statement was inadmissible, and that without it the judgment of conviction could not be used because it lacked a "proper foundation."[1] Again, Lujan offered no evidence attacking validity of the pleas. Lujan argues here that, even though a plea statement is complete on its face, it will not suffice to prove validity of the plea unless accompanied by a transcript of the colloquy at the plea

---

[1]Counsel thus misperceived the issue, which is not "admissibility" or "foundation." The judgments proved the convictions. The plea statements were evidence of validity of the pleas underlying the convictions. Our discussion and disposition turns on the sufficiency of the statements to prove validity.

hearing. We disagree.

It is true that, before a guilty plea can be valid, the defendant must be made aware of his privilege against self-incrimination, his right to a jury trial, and his right of confrontation. He must be made aware of the consequences of his plea, including the waiver of those rights and the sentencing alternatives available to the court. He must be given notice of the nature of the charges and the elements the State must prove. *State v. Chervenell,* 99 Wn.2d 309, 662 P.2d 836 (1983). The record must show a factual basis for the plea. *In re Keene,* 95 Wn.2d 203, 622 P.2d 360 (1980). If the defendant raises the issue of the validity of a prior guilty plea in a habitual criminal proceeding, the State must prove the plea valid beyond a reasonable doubt. However, the State is not limited as to the type of evidence which it may use to meet its burden. *State v. Holsworth,* 93 Wn.2d 148, 607 P.2d 845 (1980).

Contrary to Lujan's apparent belief, the trial judge is not required to question the defendant before accepting the plea; a written plea statement is sufficient. *In re Keene, supra.* This court has previously stated that a signed guilty plea form is prima facie evidence of voluntariness. *State v. Perez,* 33 Wn. App. 258, 654 P.2d 708 (1982). Only if the plea form is itself deficient must the State offer other evidence to counter the assertion. *State v. Chervenell, supra.* "The best evidence is that the defendant was expressly advised of [his] right, either orally by the trial judge at the plea hearing, or by reading a plea form explaining the right." *State v. Warriner,* 100 Wn.2d 459, 461, 670 P.2d 636 (1983).

The plea forms here were all sufficient. They advised Lujan in all the required particulars; his own written statements provided the necessary factual bases. The forms all were signed by Lujan, the respective attorneys and judges. They were prima facie sufficient (*State v. Perez, supra*) and, in the absence of any evidence contradicting them, were fully sufficient to prove validity of the pleas beyond a reasonable doubt.

Affirmed.

PETRIE and REED, JJ., concur.

Reconsideration denied November 7, 1984.

Review denied by Supreme Court January 18, 1985.