IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34944-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AARON I. FALETOGO, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Aaron Faletogo appeals, quite belatedly, from a guilty plea to third degree assault entered in 2002. We reverse the judgment and remand for the superior court to consider the appropriate resolution of this situation.

FACTS

Imprisoned at the Washington State Penitentiary for a 1997 murder, Mr. Faletogo assaulted another inmate on March 25, 2001. The incident was captured on security video at the prison. The prosecutor filed a charge of second degree assault, a "strike" offense under the persistent offender sentencing definition. The murder, however, was

Mr. Faletogo's only other serious offense, meaning that he faced a standard range for second degree assault of 12+-14 months.

A plea agreement was reached by which Mr. Faletogo agreed to plead guilty to a charge of third degree assault, an offense that does not count toward persistent offender status. The plea form indicated that the standard range for the amended charge was 3-9 months in jail. The parties argued for sentences at the opposite end of that range, with the defense seeking a three month sentence and the prosecutor a nine month term. In the course of argument, defense counsel told the court that "our agreement was it was being amended to a lower Assault, and we were happy with that." Report of Proceedings at 5.

The court imposed a nine month term to be served consecutively to the murder sentence. Mr. Faletogo did not appeal. In 2009, he obtained remission of his legal financial obligations in this action. That case included a successful appeal to this court.

In December 2016, Mr. Faletogo filed this appeal. The State challenged the timeliness of the action. Our commissioner found no evidence that Mr. Faletogo in 2002 knew of his ability to appeal this case and granted the untimely appeal. The State moved to modify that decision, but a different panel of this court denied that motion.

The parties then filed briefs. The matter was considered by the panel without argument.

2

ANALYSIS

This case primarily revolves around the remedy for an uncontested error that could have been more equitably resolved years ago. We conclude that the appropriate remedy is to remand for a hearing to consider Mr. Faletogo's request to withdraw the guilty plea.

The standard range for a third degree assault conviction, a level three offense, with an offender score of one is three to eight months. RCW 9.94A.510, .515. The crime carried the same seriousness level and standard range in 2002. *See* former RCW 9.94A.310 (2000); former RCW 9.94A.320 (2000). Thus, the reference to a range of three to nine months in the plea form was erroneous. Since the court sentenced Mr. Faletogo to a nine month sentence, the error is patent.

The prosecutor thus argues collaterally against our consideration of this appeal after all of these years, noting that the video evidence no longer exists and that it will be unable to prosecute the case at this point. To that end, the prosecutor contends that this court erred in allowing the untimely appeal to proceed because the defendant's past activities established that he was aware of his right to appeal.

However, the commissioner rejected that argument and a panel of this court declined to modify the ruling. Hence, the law of the case doctrine controls and precludes our further consideration of this argument. *E.g.*, *Folsom v. County of Spokane*, 111 Wn.2d 256, 263-265, 759 P.2d 1196 (1988); *State v. Roy*, 147 Wn. App. 309, 314, 195 P.3d 967 (2008) (noting that "once there is an appellate court ruling, its holding must be

followed in all of the subsequent stages of the same litigation."). The State's remedy was to seek discretionary review of the panel's decision. RAP 13.5. Since it did not do so, the question of the timeliness of the appeal is not one that this panel can or will revisit.

One consequence of this delayed appeal is that the guilty plea now has been in place 16 years. On these rare facts, we conclude that it is most appropriate to allow the trial court to consider whether to allow withdrawal of the guilty plea.

CrR 4.2(f) permits a guilty plea to be withdrawn whenever "necessary to correct a manifest injustice." The appropriate standard for applying this rule was set out in *State v. Taylor*, 83 Wn.2d 594, 596, 521 P.2d 699 (1974), as follows:

> Under CrR 4.2(f), adopted by this court, the trial court shall allow a defendant to withdraw his plea of guilty whenever it appears that withdrawal is (1) *necessary* to correct a (2) *manifest injustice, i.e.*, an injustice that is obvious, directly observable, overt, not obscure. *Webster's Third New International Dictionary* (1966). Without question, this imposes upon the defendant a demanding standard.

The written statement form itself is sufficient to establish that the plea was voluntary. *State v. Lujan*, 38 Wn. App. 735, 688 P.2d 548 (1984). A trial court's ruling on a motion to withdraw a guilty plea is reviewed for abuse of discretion. *State v. Olmsted*, 70 Wn.2d 116, 118, 422 P.2d 312 (1966). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

An involuntary plea is one basis for withdrawing a guilty plea. *State v. Walsh*, 143 Wn.2d 1, 6, 17 P.3d 591 (2001); *In re Pers. Restraint of Matthews*, 128 Wn. App. 267, 270, 115 P.3d 1043 (2005). Stated another way, an involuntary plea is a "manifest injustice." *In re Pers. Restraint of Isadore*, 151 Wn.2d 294, 298, 88 P.3d 390 (2004). A plea based on misinformation concerning a direct consequence of the plea is involuntary. *State v. Mendoza*, 157 Wn.2d 582, 590-591, 141 P.3d 49 (2006).

When a plea agreement involves a mutual mistake concerning the standard range, the general rule is that a defendant may choose specific performance of a plea agreement or to withdraw the plea. *Walsh*, 143 Wn.2d at 8-9. However, the defendant's choice of remedies can be limited by legal or equitable considerations. *State v. Barber*, 170 Wn.2d 854, 248 P.3d 494 (2011) (court could not enforce plea bargain for illegal sentence) (overruling prior cases to the contrary). In cases of mutual mistake, specific performance is not available to enforce an illegal sentence, but only applies when a prosecutor breaches a plea agreement. *Id.* at 873-874.

Here, Mr. Faletogo's plea was involuntary because it mistakenly listed the sentence range as one month longer than it actually was and the court acted on that mistake and imposed a sentence one month longer than it had authority to do. Mr. Faletogo has demonstrated an entitlement to relief. In that circumstance, a remand is appropriate to correct the error.

5

The State, however, contends that it would be inequitable to permit withdrawal of the guilty plea under these circumstances, citing to the loss of evidence, the significant delay in asserting this appeal, and the sentencing record indicating that Mr. Faletogo's goal was to avoid a "strike" offense rather than limit his potential jail sentence. Laches long has been recognized as a potential argument in a criminal case. *E.g.*, *Watson v. State*, 2 Wash. 504, 506, 27 P. 226 (1891) (declining to apply doctrine where defendant had no opportunity to object).

This court has recognized three elements of a laches claim: (1) knowledge of a potential claim by a party, (2) an unreasonable delay in asserting the claim, and (3) damage to the other party resulting from the delay. *Club Envy of Spokane, LLC v. Ridpath Tower Condo. Ass'n*, 184 Wn. App. 593, 603, 337 P.3d 1131 (2014). These elements parallel the State's argument to this court.

Given the unique circumstances of this case—a very untimely appeal and a challenge that would have been foreclosed by our statutes limiting the period of time to bring a collateral attack, but also a sentence imposed in excess of the court's authority that was the subject of the plea agreement—we conclude that a remand is the appropriate remedy. The State may attempt to establish a laches defense to the withdrawal request. In the event that laches is established, resentencing within the correct standard range is necessary. If the claim is not established, the guilty plea may be withdrawn at Mr. Faletogo's request.

6

No. 34944-6-III
*State v. Faletogo*

Remanded for further proceedings consistent with this opinion.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Pennell, J.