[No. 38667. Department One. December 29,1966.]

THE STATE OF WASHINGTON, *Respondent*, v. ROLAND LEROY OLMSTED, *Appellant*.*

*Reported in 422 P.2d 312.

*J. Stephen Funk,* for appellant (Appointed counsel for appeal).

*Charles O. Carroll* and *Larry L. Barokas,* for respondent.

OTT, J.—On September 30, 1964, Roland LeRoy Olmsted was charged with the offense of taking and driving away a motor vehicle without the permission of the owner. An attorney was appointed to represent him. October 9, 1964, Mr. Olmsted, being present in court with counsel, pleaded guilty to the offense charged. His attorney recommended that Mr. Olmsted be given a deferred sentence as provided by RCW 9.95.200. The recommendation was concurred in by the deputy prosecuting attorney. Prior to the granting of the deferment of sentence, the trial judge engaged in an extensive colloquy with the defendant and informed him, *inter alia,* of the consequences of his violation of the terms and conditions upon which the deferment would be granted.

Within 3 months after being placed on parole, Mr. Olmsted violated the conditions of his deferment of sentence in several particulars. Since Mr. Olmsted had failed to report his whereabouts to his probation officer, it was necessary that a bench warrant issue for his arrest. Upon his being apprehended, he was brought before the court for revocation of his parole as provided by RCW 9.95.220, and for imposition of sentence upon his plea of guilty.

Mr. Olmsted was represented at the revocation hearing by the same court-appointed attorney who had previously represented him at the deferment proceeding. The same trial judge who had granted the deferment of sentence heard the petition for the revocation of parole. At the commencement of the hearing on the petition for the revocation of parole, Mr. Olmsted moved to withdraw his pre-

vious plea of guilty and be permitted to enter a plea of not guilty. After considering the evidence and the argument made by the attorneys and by Mr. Olmsted personally, the court denied Mr. Olmsted's request to withdraw his former plea and entered a judgment upon the plea of guilty.

From the entry of judgment based upon the defendant's plea of guilty, the defendant has appealed.

Appellant's sole contention on appeal is that the trial court erred in refusing to allow appellant to withdraw his plea of guilty and to enter a plea of not guilty.

 A defendant does not have a constitutional right to withdraw a plea of guilty and to enter a plea of not guilty. Such a motion is addressed to the sound discretion of the court. When the trial court has exercised its discretion in this regard, this court on review will set it aside only upon a clear showing of abuse of discretion on the part of the trial court. *State v. Rose,* 42 Wn.2d 509, 256 P.2d 493 (1953), and cases cited.

The transcript of the record made November 24, 1964, when the court granted parole and deferred the imposition of sentence on Mr. Olmsted's plea of guilty, is a part of this record on appeal. The trial court's colloquy with Mr. Olmsted at that time establishes that appellant was fully aware of the nature of the offense with which he was charged and of the consequences resulting from a plea of guilty thereto.

Likewise, a transcript of the record at the hearing upon appellant's request for leave to withdraw his plea of guilty and to enter a plea of not guilty is a part of the record on appeal. At this hearing, appellant admitted that, at the time of his former plea of guilty, he was advised and understood that his plea of guilty was an admission of the truth of each and every element of the crime charged. Appellant's principal contention now is that he, in fact, did not take or ride in the stolen automobile, but that a friend of his (now deceased) actually drove the automobile away and that he "took the rap" for his friend.

Did the trial court abuse its discretion in denying appellant's request to withdraw his plea of guilty and enter a plea of not guilty? We answer the query in the negative.

To hold that a trial court has abused its discretion, the record must show that the discretion exercised by the court was predicated upon grounds clearly untenable or manifestly unreasonable. The record before us establishes that at the time appellant pleaded guilty to the charge he did so voluntarily and expressed full knowledge of the nature of the offense charged and the consequences of his plea. At the time of the plea, he was represented by able and experienced counsel.

Applying the test set forth above to these facts, we hold that the trial court did not abuse its discretion in its refusal to permit the withdrawal of appellant's former plea of guilty.

For the reasons set forth above, the judgment of the trial court is affirmed.

ROSELLINI, C. J., HILL and HUNTER, JJ., and BARNETT, J. Pro Tem., concur.