[No. 4445–II.   Division Two.   April 29, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v.
JEROME POWELL, *Appellant.*

*James M. Healy, Jr.,* and *Ralph H. Baldwin,* for appellant.

*Don Herron, Prosecuting Attorney,* and *Joseph D. Mladinov, Senior Deputy,* for respondent.

PEARSON, J.—Jerome Powell appeals the denial of his motion to withdraw his plea of guilty to first degree murder. Although numerous other arguments are raised,[1] the dispositive question is whether, pursuant to CrR 4.2(d), the trial court had before it at the time of the plea hearing a sufficient factual basis upon which to accept defendant's guilty plea. We vacate the judgment and remand to allow defendant to plead anew.

In early August 1979, a group alternatively called "The Bullets" and "The Family" took Charles Allison to a secluded area near Kent, where he was murdered. Defendant is a member of the group. According to the presentence reports of other group members who all pleaded guilty to lesser offenses, defendant had gone into some bushes where the victim lay bound, and returned a short time later with a blood–covered knife. It does not affirmatively appear from the record transmitted on appeal that these presentence reports were made part of defendant's plea hearing record. Accordingly, we cannot look to them to provide the requisite factual basis.

On October 2, 1979, immediately before his trial for first degree murder and kidnapping was to commence, defendant pleaded guilty to murder in the first degree. At the plea hearing, the trial judge did not ask defendant to describe what he had done to the victim, or with what intent he had acted. Rather, he merely asked defendant a series of questions regarding his understanding of the statement on plea of guilty, and the authenticity of his signature contained therein.[2]

---

[1]Defendant argues that he was not adequately advised of the consequences of his plea, such as the length of his sentence and waiver of constitutional rights. He also argues that the trial court had an obligation to inform him of all possible defenses, which it did not do, and that the burden of proving, at the postplea hearing, the voluntariness of the plea should have been placed upon the State. Because of the manner in which we decide this case, we need not reach these issues.

[2]The oral record of the plea hearing, in relevant part, is as follows:

In paragraph 14 of the statement,[3] which required defendant to briefly describe in his own words the acts which resulted in his being charged with the crime, was the terse admission "I did participate in the 1 [degree] murder of Charles Allison." Defendant moved to withdraw his

---

"THE COURT: First of all, with respect to the Amended Information that has been filed by the State, does the defendant waive reading of that Amended Information?

"MR. FLEMING: Let me explain. He understands it. And I, just for the record, I am quite sure that he understands it. As he's indicated, we would waive the reading of it. We have gone over it and have discussed it a great deal.

"THE COURT: For the record, you are Jerome Powell?

"DEFENDANT POWELL: Yes, I am.

"THE COURT: Referring to the form called Statement of Defendant on Plea of Guilty, are you familiar with that form?

"DEFENDANT POWELL: (Nods head affirmatively.)

"THE COURT: There are some 15–numbered paragraphs on that form. Are you familiar with each of those 15–numbered paragraphs?

"DEFENDANT POWELL: Yes.

"THE COURT: And your attorney, Mr. Fleming, explained those various paragraphs?

"DEFENDANT POWELL: Yes, he did.

"THE COURT: And the information that was filled in on each of those 15–numbered paragraphs?

"DEFENDANT POWELL: Yes.

"THE COURT: Turning your specific attention to Paragraph 14, in handwriting appear the words: 'I did participate in the first degree murder of Charles Allison.' Is that your handwriting?

"DEFENDANT POWELL: Yes, it is.

"THE COURT: And is that your statement?

"DEFENDANT POWELL: Yes, it is.

"THE COURT: And, referring now to Paragraph 15, at the bottom is the signature Jerome Powell. Is that your signature?

"DEFENDANT POWELL: Yes, it is.

"THE COURT: Do you have any questions about any of the information set forth on this Statement of Defendant on Plea of Guilty?

"DEFENDANT POWELL: No.

"THE COURT: The record should reflect the Court is signing the Statement of Defendant at this time.

"For the record, referring to Count I of the Amended Information filed against you by the State, how do you plead to that?

"DEFENDANT POWELL: Guilty.

"THE COURT: The Court will accept the plea of guilty."

[3]Paragraph 14 of the statement of defendant on plea of guilty corresponds to paragraph 13 of the suggested written statement set forth in CrR 4.2(g).

plea,[4] and from the denial of that motion he appeals.

The only question we need resolve upon review of this case is whether at the time of the plea hearing there was a sufficient factual basis in the record to warrant the trial court's acceptance of the plea of guilty.

■ Criminal Rule 4.2(d) clearly states in relevant part that "[t]he court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea." In interpreting that rule and its federal counterpart, Fed. R. Crim. P. 11, courts have frequently reiterated that the trial judge must develop on the record the factual basis for the plea, as, for example, by having the accused describe the conduct that gave rise to the charge, *Santobello v. New York,* 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971); *accord, In re Keene,* 95 Wn.2d 203, 209, 622 P.2d 360 (1980); or by other reliable sources made part of the record. *State v. Newton,* 87 Wn.2d 363, 552 P.2d 682 (1976). The factual basis must be developed on the record at the time the plea is taken and may not be deferred until sentencing. *State v. Iredale,* 16 Wn. App. 53, 553 P.2d 1112 (1976).

The purpose behind the factual basis requirement is to

protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.

*McCarthy v. United States,* 394 U.S. 459, 467, 22 L. Ed. 2d 418, 426, 89 S. Ct. 1166 (1969), quoting from Fed. R. Crim. P. 11, Notes of Advisory Committee on Criminal Rules; *accord, In re Keene,* 95 Wn.2d at 209. The factual basis requirement of CrR 4.2(d) is satisfied if there is sufficient evidence for a jury to conclude that defendant is guilty, but the trial court need not be convinced of an accused's guilt beyond a reasonable doubt. *State v. Durham,* 16 Wn. App.

---

[4]In his presentence report, defendant vigorously denies all involvement in the murder and explains that he pleaded guilty only to shield the members of his group who were also charged with the offense.

648, 653, 559 P.2d 567 (1977).

Applying these principles to the facts of the present case, we conclude that at the time the trial court accepted defendant's plea of guilty the record did not contain a sufficient factual basis for the plea. During the colloquy between the trial judge and defendant, no attempt was made to orally elicit a description of either defendant's acts or state of mind which resulted in the charge to which he ultimately pleaded guilty. That does not end the matter, however, for contrary to defense counsel's apparent belief, we may also look to the statement of defendant on plea of guilty, which was part of the plea hearing record, in our search for the necessary factual basis. *See In re Keene, supra.* The closest that document comes to providing a factual basis, however, is the aforementioned paragraph 14, where defendant assertedly wrote in his own handwriting, "I did participate in the 1 [degree] murder of Charles Allison." Because that statement is a mere conclusion of law, and, more importantly, fails to set forth any of the elements from which a jury could have found defendant guilty of first degree murder, we hold that it falls far short of fulfilling the factual basis requirement of CrR 4.2(d).

Accordingly, we have no alternative but to set aside defendant's plea of guilty and remand to allow him to replead.

REED, C.J., and PETRIE, J., concur.

Reconsideration denied June 3, 1981.