[No. 27120-0-III.   Division Three.   July 2, 2009.]

THE STATE OF WASHINGTON, *Appellant*, v. CHUCCO L. ROBINSON, *Respondent*.

Steven J. Tucker, Prosecuting Attorney, and Mark E. Lindsey, Deputy, for appellant.

Tracy S. Collins, for respondent.

¶1 BROWN, J. — The State appeals the trial court's decision to grant Chucco Robinson's request to withdraw his guilty plea following the discovery of additional criminal history that increased his offender score and standard sentencing range. Because Mr. Robinson failed to disclose his juvenile offense history, regardless of wash-out rule applications, he is contractually bound by the plea agreement to accept the increased offender score for juvenile offenses that do not wash out under current law. Accordingly, we reverse.

## FACTS

¶2 The State charged Mr. Robinson with first degree burglary, attempted first degree rape, and first degree kidnapping for an incident involving Mr. Robinson and an acquaintance. During plea negotiations, Mr. Robinson identified a 1994 second degree murder conviction as his criminal history. Mr. Robinson signed the understanding of defendant's criminal history, which states, "This statement of Prosecutor's Understanding of Defendant's Criminal History is based upon present information known to the Prosecutor and does not limit the use of additional criminal history if later ascertained." Clerk's Papers (CP) at 61. Mr. Robinson agreed in his guilty plea statement that his plea was made "freely and voluntarily." CP at 18.

¶3 Mr. Robinson, actually, had four prior juvenile convictions that were not used to calculate Mr. Robinson's offender score for sentencing on the 1994 murder under then existing wash-out rules. Mr. Robinson acknowledges that since 2002, the four juvenile offenses do not wash out when calculating his offender score. RCW 9.94A.525(2)(f), (21);

*State v. McDougall*, 132 Wn. App. 609, 614, 132 P.3d 786 (2006).

¶4 Mr. Robinson entered and the court accepted guilty pleas to the reduced charges of first degree burglary and third degree rape. Counting solely the 1994 conviction, the agreed standard range sentence was 31-41 months on the burglary charge and 13-17 months on the rape. A community corrections officer found the four prior juvenile offenses during Mr. Robinson's presentence investigation, raising the sentencing range to 87-116 months on the burglary charge and 41-54 months on the rape charge. Mr. Robinson successfully requested to withdraw his plea. The State appealed.

## ANALYSIS

¶5 The issue is whether the trial court erred by abusing its discretion in allowing Mr. Robinson to withdraw his guilty plea. The State contends Mr. Robinson assumed the risk of discovery of additional criminal history when he failed to disclose his other juvenile offenses during plea negotiations and is bound by his plea agreement to accept the higher offender score. The State is correct.

¶6 Initially, Mr. Robinson asks this court to not consider portions of the State's brief that refer to the prosecutor's unsworn or uncertified statements. Mr. Robinson does not expressly direct this court to the challenged statements. Nevertheless, to the extent documents are properly included in our record, they are properly before the court on review. *See* RAP 9.1(a) (regarding appellate record on review).

¶7 We review a trial court's ruling on a motion to withdraw a guilty plea for abuse of discretion. *State v. Olmsted*, 70 Wn.2d 116, 118, 422 P.2d 312 (1966). A trial court abuses its discretion if its decision is based on clearly untenable or manifestly unreasonable grounds. *Id.* at 119.

¶8 "Due process requires that a defendant's guilty plea be knowing, voluntary, and intelligent." *In re Pers.*

*Restraint of Isadore*, 151 Wn.2d 294, 297, 88 P.3d 390 (2004). Likewise, CrR 4.2(d) mandates that the trial court not accept a guilty plea without first determining that a criminal defendant has entered into the plea "voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea." *See also State v. Ross*, 129 Wn.2d 279, 284, 916 P.2d 405 (1996) (stating that for a plea to be knowing and voluntary, a criminal defendant must be informed of all direct consequences of his plea). A defendant does not knowingly make a guilty plea when he bases that plea on misinformation regarding sentencing consequences. *State v. Miller*, 110 Wn.2d 528, 531, 756 P.2d 122 (1988).

■■■ ¶9 Our focus is whether Mr. Robinson was properly informed of the consequences of his guilty plea at the time he entered into the plea agreement. If he entered into that agreement knowingly and voluntarily, a sentencing error by the trial court does not invalidate his plea. *In re Pers. Restraint of Williams*, 111 Wn.2d 353, 362, 759 P.2d 436 (1988). "Knowledge of the direct consequences of the plea can be satisfied by the plea documents." *State v. Codiga*, 162 Wn.2d 912, 923, 175 P.3d 1082 (2008) (citing *In re Pers. Restraint of Stoudmire*, 145 Wn.2d 258, 266, 36 P.3d 1005 (2001)). "When [a] judge goes on to inquire orally of the defendant and satisfies himself on the record of the existence of various criteria of voluntariness, the presumption of voluntariness is well nigh irrefutable." *State v. Perez*, 33 Wn. App. 258, 262, 654 P.2d 708 (1982).

¶10 Notwithstanding this presumption of validity, CrR 4.2(f) provides that "[t]he court shall allow a defendant to withdraw the defendant's plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice." A manifest injustice is obvious and directly observable, an overt injustice, and not an obscure one. *State v. Taylor*, 83 Wn.2d 594, 596, 521 P.2d 699 (1974). Manifest injustice includes instances where (1) effective assistance of counsel was denied, (2) the plea was not voluntary, (3) the plea agreement was not honored by the prosecution, or (4)

the plea was not ratified by the defendant. *Id*. at 597. Mr. Robinson's claim of manifest injustice turns on whether the plea was voluntary.

¶11 A defendant assumes the risk that new or additional criminal history will be discovered. *Codiga*, 162 Wn.2d at 929 (citing CrR 4.2(g)). In *Codiga*, the plea form's criminal history solely listed a 1997 controlled substance conviction. *Id*. at 917. Mr. Codiga agreed this was correct. *Id*. at 917-18. Prior to sentencing, however, it was discovered Mr. Codiga had another felony conviction and several prior misdemeanor offenses. *Id*. at 921. Mr. Codiga, like Mr. Robinson, explained to the court that he thought the felony offense washed out. *Id*. at 929. Our Supreme Court held, "Given that he assumed the risk that additional criminal history would be discovered that would impact his offender score, we conclude that he has not established a manifest injustice sufficient to warrant withdrawal of the plea." *Id*. at 930.

¶12 Our facts are strikingly similar to *Codiga*. Here, Mr. Robinson agreed to "the use of additional criminal history if later ascertained." CP at 61. He also agreed his guilty plea was made "freely and voluntarily." CP at 18. Mr. Robinson argues the changes in Washington law regarding the washing out of juvenile offenses led him to believe his prior convictions washed out. By comparison, in *Codiga*, Mr. Codiga revealed his two prior felonies to his attorney and they decided not to reveal the second offense, concluding it had washed out. The court still held, "[T]he new offender score was based on newly discovered criminal history or new facts, not new or misunderstood law." *Codiga*, 162 Wn.2d at 929. Our courts "have expressed a strong preference for the enforcement of plea agreements, and the burden of showing manifest injustice sufficient to warrant withdrawal of a plea agreement rests with the defendant." *Id*.

¶13 Mr. Robinson has not met his burden. He mistakenly argues he did not need to disclose his juvenile offenses because he thought they had washed out. But it is the court's function to apply the wash-out rules to a

defendant's correct criminal history when determining the offender score. Mr. Robinson incorrectly approached the calculation process as though he had never committed the juvenile offenses when choosing nondisclosure. His juvenile offenses are part of his criminal history before any application of wash-out rules. And, Mr. Robinson is presumed to know the relevant law. *State v. Williams*, 158 Wn.2d 904, 906-07, 148 P.3d 993 (2006).

¶14 Mr. Robinson assumed the contractual risk fixed in his plea agreement that the discovery of additional criminal history would increase his offender score and standard sentencing range. *Codiga*, 162 Wn.2d at 928. Thus, he has not shown that legal error, rather than the discovery of additional criminal history, caused the increased offender score. Accordingly, the trial court erred by allowing him to withdraw his plea.

¶15 Reversed and remanded for sentencing.

SCHULTHEIS, C.J., and SWEENEY, J., concur.

Review granted at 167 Wn.2d 1017 (2010).