IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 32666-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| PAUL CHARLES HOLLAND, | ) | |
| | ) | |
| Appellant. | ) | |

BROWN, A.C.J. — Paul Charles Holland appeals his conviction for criminal mischief while armed. He contends the trial court erred in denying his motion to withdraw his guilty plea because it was involuntary due to anxiety and physical distress. Finding no abuse of trial court discretion, we affirm.

FACTS

The State of Washington charged Mr. Holland with one count of felony harassment–threat to kill; the standard range sentence if convicted is 22 to 29 months incarceration. Before trial, the parties failed to resolve the matter.

At trial during jury deliberations, the jury sent a note to the trial court, stating: "[w]e cannot come to a unanimous decision." Clerk's Papers (CP) at 86. While the trial

court and counsel discussed a response to the note, defense counsel requested the trial court excuse Mr. Holland to use the men's room because he was feeling ill. Mr. Holland explained, "I'm okay. I just don't want to get sick." Report of Proceedings (RP) at 260-61. The trial court granted Mr. Holland's request to leave the courtroom, if needed. The record does not show if Mr. Holland removed himself from any of the proceedings.

While the trial court and counsel continued to confer about the first jury note, the court received a second note asking how much time elapsed between a 911 call and when sheriff deputies arrived at the scene. Counsel and the trial court agreed that the court would inform the jury that it received all the evidence and no further response could be made. With approval of both counsel, the court directed the jury to continue deliberations.

The jury later reached a verdict. When the trial court informed the parties of a verdict, defense counsel advised the court the case had been resolved:

> Your Honor, following the initial questions of the jurors, the State and Mr. Holland and I started discussing a potential resolution of this case recognizing that the jurors initially indicated that they were hung and they didn't know which way to go in terms of proceeding forward. So we have resolved this case. We'd ask the Court to consider that and permit Mr. Holland to enter a plea. It would be an unranked felony. He has agreed to do four months in Grant County Jail. The State is in agreement . . .

RP at 270.

2

After reciting the agreement by counsel, Mr. Holland stated, "Thank you, sir." *Id.* The trial court replied, "All right. I haven't --." Mr. Holland interrupted: "No. No. I'm just saying thank you. Thank you, sir." RP at 272-73. The trial court expressed interest in not wasting jurors' time in light of the eleventh hour plea deal and the need for time to complete paperwork to confirm the plea and proposed bringing in the jury, polling the jurors, but not announcing the verdict to the attorneys or Mr. Holland.

The State agreed; however, Mr. Holland said "no." *Id.* at 276. The trial court continued, "So then we proceed with the guilty plea, and then I would hold onto the verdict until, I guess, sentencing. But, I mean, that's up to the parties to agree to." *Id.* at 277. The State again agreed to the trial court's proposal. Mr. Holland stated, "I understand." *Id.* The court then reiterated, "You're not going to know what the verdict is." *Id.* Mr. Holland replied: "I understand. It's fair." *Id.* When the court repeated that the verdict would not be announced before the guilty plea, Mr. Holland said, "Thank you, sir." RP at 277-78. Defense counsel stated he and Mr. Holland agreed to the trial court's proposal "because we want to effectuate that guilty plea." RP at 277.

Trial counsel prepared paperwork to enter a guilty plea, while the trial court, outside the presence of Mr. Holland and the attorneys, received the verdict, but did not announce the verdict. The court polled the jury and advised the parties it would not file

3

No. 32666-7-III
*State v. Holland*

the verdict until after acceptance of the guilty plea.

The trial court accepted Mr. Holland's plea. Defense counsel assured the court he had reviewed the plea paperwork with Mr. Holland and they were ready to proceed. The trial court confirmed with Mr. Holland that he had reviewed the entire statement of defendant on plea of guilty. The trial court confirmed Mr. Holland agreed to the process of delaying filing of the verdict until acceptance of the guilty plea. Mr. Holland again answered that he understood.

The following colloquy then occurred:

> COURT: Do you need any more time to read this, Mr. Holland?
> MR. HOLLAND: No sir.
> COURT: Do you need any more time to talk to your attorney?
> MR. HOLLAND: No. sir.
> COURT: Has anyone made any threats or promises to get you to enter a guilty plea?
> MR. HOLLAND: Not at all, sir.
> COURT: Are you confused about anything in this case?
> MR. HOLLAND: No.
> COURT: No?
> MR. HOLLAND: No, sir.
> COURT: Okay. And do you have any questions about your case at all?
> MR. HOLLAND: No, sir.
> COURT: And you understood everything you read on this Plea of Guilty?
> MR. HOLLAND: Yes, sir. Yes, sir. Yes, sir.

RP at 285-86.

4

During the colloquy, the court questioned Mr. Holland about his stomach ailment:

THE COURT: Also, I know that while you were waiting for the verdict from the jury, you expressed some discomfort, maybe some stomach pain. Is that what you had?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. And was that over some anxiety over this case?

THE DEFENDANT: Yes, sir.

THE COURT: Has that affected your ability to understand these --

THE DEFENDANT: No, sir. It hasn't affected my ability --

THE COURT: Okay. It hasn't --

THE DEFENDANT: -- ahead of time. Sorry.

THE COURT: Has it affected your ability to understand this guilty plea?

THE DEFENDANT: No, sir, it hasn't.

THE COURT: Has it affected your ability to talk to your attorney and understand what your attorney is advising you?

THE DEFENDANT: No, sir, it hasn't.

THE COURT: Or to understand what I'm saying?

THE DEFENDANT: No, sir, it hasn't.

THE COURT: Do you understand once you plead guilty it's final? You can't ask for a trial or ask for relief consistent with any verdict the jury may have reached. Do you understand that?

THE DEFENDANT: (Nodding)

. . . .

THE COURT: Okay. And you understand by pleading guilty you're giving up your right, first of all, to wait for the jury verdict? Do you understand that?

THE DEFENDANT: Yes, sir.

. . . .

THE COURT: All right. Do you have any final questions about this case?

THE DEFENDANT: Me?

THE COURT: Yeah.

THE DEFENDANT: No, sir.

5

THE COURT: Are you ready to enter your plea?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Any confusion about what we're doing here?

THE DEFENDANT: No.

THE COURT: All right. To the charge of felony criminal mischief while armed, how do you plead?

THE DEFENDANT: Guilty.

THE COURT: Okay. I'll accept your guilty plea. This is an In Re Barr plea. There is a basis to accept the plea.

RP at 291-95.

After accepting the plea, the court disclosed the jury's not guilty verdict. Mr. Holland responded, "The system works.", and added, "I'm an idiot, but the system does work. I'm a coward. I should have never took the - I'm a coward." RP at 296. He then thanked the judge and defense counsel.

Before sentencing, Mr. Holland moved to withdraw his guilty plea, asserting the wait for the verdict had upset his stomach and that he felt sick the entire time the jury deliberated. He claimed the "only way I was going to get away from the courthouse and surrounding area was to accept the plea. I know I told the judge that I had enough time to think about the matter, but all I kept thinking was that I needed to take the deal and tell the judge what he wanted to hear so that I could get out of the courthouse." CP at 105. The trial court denied the motion, explaining Mr. Holland had understood the plea process.

6

During sentencing, Mr. Holland commented that he regretted hearing the verdict and that the court should have followed the jury's verdict. The court sentenced Mr. Holland to 4 months with 15 days converted to 120 hours of community service.

ANALYSIS

The issue is whether the trial court erred in denying Mr. Holland's motion to withdraw his plea. Mr. Holland contends his guilty plea was involuntary because his wait for the jury verdict caused his stomach to ache and he felt ill during the entirety of the jury deliberations. He argues the State unfairly engaged in "subtle coercion" by negotiating a plea agreement after the parties learned that the jury was having difficulty reaching a verdict. Br. of Appellant's at 7. The State responds, "This is a case of buyer's remorse, not manifest injustice." Br. of Resp't at 7.

Withdrawal of a guilty plea is governed by CrR 4.2(f), which permits a guilty plea to be withdrawn solely when "it appears that the withdrawal is necessary to correct a manifest injustice." A manifest injustice is defined as an injustice that is "obvious, directly observable, overt, not obscure." *State v. Taylor*, 83 Wn.2d 594, 596, 521 P.2d 699 (1974). This standard is demanding because a defendant's written plea statement is prima facie evidence that the plea is voluntary when the defendant acknowledges reading and understanding the statement and that the contents of the statement are true. *State v. Perez*,

7

33 Wn. App. 258, 261, 654 P.2d 708 (1982).

Washington law recognizes at least four instances when a guilty plea constitutes a manifest injustice: (1) denial of effective counsel, (2) a plea not ratified by the defendant or one not authorized by him, (3) a plea was involuntary, and (4) a plea agreement was not kept by the prosecution. *Taylor*, 83 Wn.2d at 597. Mr. Holland argues involuntariness.

We review a trial court's denial of a defendant's motion to withdraw a guilty plea for abuse of discretion. *State v. Olmsted*, 70 Wn.2d 116, 118, 422 P.2d 312 (1966). Overturning the trial court requires a showing the court's exercise of discretion was clearly untenable or manifestly unreasonable. *Olmstead*, 70 Wn.2d at 119.

We conclude the trial court did not abuse its discretion in denying Mr. Holland's motion to withdraw the guilty plea. First, the trial court was free to discount the veracity of Mr. Holland's claim that his anxiety interfered in a meaningful decision to enter a guilty plea. A trial court need not accept a declaration from the defendant in support of a motion to withdraw the guilty plea at face value. Withdrawal of a plea taken with all the appropriate safeguards requires more evidence than a mere allegation by the defendant. *State v. Osborne*, 102 Wn.2d 87, 97, 684 P.2d 683 (1984). Second, even if we accept Mr. Holland's declaration in support of his motion as accurate, the facts he relates do not

8

render his plea involuntary.

Mr. Holland admitted that he reviewed the plea agreement with his counsel before entering a guilty plea. When a defendant fills out a written statement on plea of guilty in compliance with CrR 4.2(g) and acknowledges that he or she has read it and understands it and that its contents are true, the written statement provides prima facie verification of the plea's voluntariness. *In re Detention of Scott*, 150 Wn. App. 414, 427, 208 P.3d 1211 (2009).

Moreover, as detailed above, the trial court meticulously questioned Mr. Holland concerning his willingness to enter the plea. The trial court twice obtained his consent to the plea taking process. Mr. Holland agreed he could not renege on the plea agreement if the jury returned a not guilty verdict. The trial court observed Mr. Holland's demeanor during the questioning and answering and concluded he voluntarily entered the plea. When the judge inquires orally of the defendant and satisfies himself on the record of the existence of the various criteria of voluntariness, the presumption of voluntariness is nearly irrefutable. *State v. Branch*, 129 Wn.2d 635, 642, 919 P.2d 1228 (1996).

Anxiety and stress from suspense are inherent in any criminal prosecution. Physical distress is a likely result. Nevertheless, Mr. Holland's emotional and physical distress does not negate the voluntariness of his plea. *See, e.g., Commonwealth v.*

*Williams*, 71 Mass. App. Ct. 348, 354-355, 881 N.E.2d 1148 (2008) (finding that a judge may recognize that psychological stress or emotional pressure is inherent in the decision to enter a guilty plea, but this stress does not necessarily render the plea involuntary).

Finally, Mr. Holland cites *State v. Frederick*, 100 Wn.2d 550, 674 P.2d 136 (1983), *overruled in part on other grounds by Thompson v. Dep't of Licensing*, 138 Wn.2d 783, 982 P.2d 601 (1999), for the proposition that coercion may render a guilty plea involuntary and void. However, *Frederick* is distinguishable. In that case, evidence showed Mr. Frederick's co-defendant threatened to kill him if he did not plead guilty; the court decided this evidence was admissible in a habitual criminal proceeding where Mr. Frederick tried to challenge an earlier conviction based on a guilty plea. *Frederick*, 100 Wn.2d at 553, 558.

Here, the alleged source of coercion is the State's offer to plead the case after jury deliberations stalled. We reject Mr. Holland's coercion claim. The plea hearing record shows Mr. Holland made an intelligent and voluntary decision to take a calculated risk. Before entering his guilty plea, Mr. Holland affirmed the verdict could go either way. He volunteered that withholding announcement of the verdict until after entry of the plea was fair. The court engaged in a lengthy colloquy with Mr. Holland about his understanding of the agreement, whether he had been given enough time with his attorney to understand

No. 32666-7-III
*State v. Holland*

everything, and whether he had any questions for the court. Finally, the court inquired into whether any physical discomfort interfered with his ability to understand the plea agreement. In view of this record, Mr. Holland fails to meet the demanding burden for withdrawal of a guilty plea. We conclude the trial court acted within its discretion in denying Mr. Holland's motion to withdraw his guilty plea.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, A.C.J.

WE CONCUR:

Korsmo, J.

Lawrence-Berry, J.

11