# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  45494-7-II |
| Respondent, | |
| v. | |
| KEVIN WAYNE WILLIAMS, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Kevin Williams appeals from an order denying his postjudgment motion to withdraw his guilty plea to unlawful display of a weapon.  Williams asserts that (1) the State lacked jurisdiction to prosecute him because his conduct was lawful, (2) the unlawful display of a weapon statute violates the Washington State Constitution, and (3) the superior court abused its discretion when denying his motion to withdraw his guilty plea because it failed to address all the issues raised in his motion.  We affirm.

## FACTS

On June 5, 2008, the State charged Williams with unlawful display of a weapon and unlawful aiming or discharging of a firearm.  Williams agreed to plead guilty to unlawful display of a weapon in exchange for the State withdrawing its unlawful aiming or discharging of a firearm charge.  At the April 7, 2009 plea hearing, Williams's defense counsel stated the following factual basis in support of Williams's *Alford*[1] plea to unlawful display of a weapon:

> [O]n December 15, 2007, my client was home at his house and at that time two
> individuals, well a female, arrived at his front porch and . . . served some papers on

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

the defendant by putting them over his door in . . . a plastic bag of some kind over the door . . . at which time Mr. Williams came out on his upper 2nd floor deck[,] looked out[,] and saw that she had attached something to his door. He was armed with a weapon at that time and he had it displayed in such a manner that caused some alarm for [the process server]. And he asked her to take the paperwork off of his door because that's the only way in or out of his house. He didn't know what it was . . . his mailbox had previously been destroyed by way of an explosion. He didn't know what that was. He asked her to move that off my door, she didn't, she began to walk away. He then discharged the firearm; their witnesses don't know where the discharge of a firearm was made. Then she stopped then removed the items from the door took it and put it out at a location out away from the house and then she proceeded to walk away. Mr. Williams then armed himself, left the house armed with a weapon, followed her out to down to the driveway to the car where he observed them leave. Had some discussion with them but no assault or anything occurred there. That was both an unlawful discharge and unlawful display and Mr. Williams, although agrees that those are the facts the [S]tate will present[,] he disagrees that they were unlawful discharges, he believes there is a claim of self-defense, but he wishes to take advantage of this plea offer to avoid going to trial.

Clerk's Papers (CP) at 75-76. Williams stated that he agreed with his defense counsel's recitation of facts supporting his *Alford* plea "except that when I went on to the deck I wasn't armed at that time." CP at 76. After a brief colloquy concerning the voluntariness of Williams's guilty plea, the district court accepted Williams's guilty plea and sentenced him to a suspended 365 day sentence.

On April 7, 2010, Williams filed a notice of appeal, which was later converted to a motion to withdraw his guilty plea. In his motion to withdraw his guilty plea, Williams admitted that the following had occurred after the process server initially refused to remove paperwork from his door:

When Mr. Williams realized that the woman was about to leave with the unknown item still attached to his door, still on his balcony, turned, took roughly two steps where he was basically standing in the open doorway that separates his kitchen from his balcony, and grabbed a [.]380 caliber pistol that he had in a holster on the corner of the kitchen counter. With the pistol in his hand and un-holstered he yelled down to the woman, who now was about 25 feet from the door, and warned her that if she didn't return and remove the plastic sack from his door he would not hesitate

> to fire his weapon. . . . Mr. Williams realized that his request was be[ing] ignored, and without knowing what truly was in the plastic sack attached to his door, decided to discharge his firearm. . . . Mr. Williams at this time asked a friend who was inside the house and was witness to everything to take a video camera and try [to] get both the man and the woman on tape as well as the license plate of the vehicle. Mr. Williams followed his friend out the front door, grabbing a [.]30 caliber rifle . . . . Mr. Williams walked approximately 100 feet out his front door and up the driveway, for no reason other than for the safety of his friend, who at that time was filming both subjects as well as their vehicle, and to verify that the subjects exited their property.

CP at 51-53. Williams asserted in his motion that his counsel had been ineffective in negotiating his plea because Williams had lawfully acted in self-defense when displaying and discharging his firearm. Williams further asserted that his conduct in displaying a weapon was lawful under RCW 9.41.270(3), which provides that the crime of unlawful display of a weapon does not apply to "[a]ny act committed by a person while in his or her place of abode" or to "[a]ny person acting for the purpose of protecting himself or herself against the use of presently threatened unlawful force by another." CP at 89-90. Finally, Williams asserted that he received no benefit from the State's withdrawal of its unlawful discharge of a firearm charge because both of his charges stemmed from the same criminal conduct and, thus, he could not have been convicted of both charges under double jeopardy principles.

The district court held a hearing on Williams's motion on October 11, 2011. The district court noted at the hearing that Williams's unlawful display of a weapon and unlawful discharge of a firearm charges contained different elements and were the products of separate alleged conduct and, thus, no double jeopardy principles would have been implicated if he had been convicted of both charges. With regard to Williams's claim of ineffective assistance, the district court noted that Williams's defense counsel had acknowledged a potential self-defense claim, but that Williams sought to take advantage of the State's plea offer because the self-defense

claim was "just on the borderline." CP at 146. The district court denied Williams's motion to withdraw his guilty plea.

Williams appealed to the superior court. In the superior court, Williams again alleged that his defense counsel had been ineffective for failing to advise him about potential statutory defenses to his charges and for failing to advise him that his charges would have been considered the same criminal conduct for sentencing purposes. Additionally, Williams argued for the first time that his defense counsel had failed to advise him that he would lose his concealed pistol license as a consequence of his guilty plea. Williams also claimed that the unlawful discharge of a firearm statute was unconstitutionally vague. Finally, Williams asserted that the district court erred by entering its findings of fact and conclusions of law ex parte.

The superior court heard arguments on Williams's motion at an April 24, 2013 hearing. On May 30, 2013, the superior court entered its written ruling affirming the district court's denial of Williams's withdrawal motion. Williams appeals.

## ANALYSIS

In this appeal, Williams does not reassert the ineffective assistance of counsel claims he had raised in his motion to withdraw his guilty plea. Instead, Williams contends that (1) the district court lacked jurisdiction to convict him of unlawful display of a weapon because the conduct forming the basis for his conviction was permitted under the criminal statute, RCW 9.41.270(3)(a), and under the permissible use of force statute, RCW 9A.16.020; (2) the superior court abused its discretion in affirming the district court's denial of his plea withdrawal motion because it failed to address all the issues he had raised in his brief; and (3) the unlawful display of a weapon statute is unconstitutional.

A.    *Standard of Review*

We review a trial court's decision denying a motion to withdraw a guilty plea for an abuse of discretion. *State v. A.N.J.*, 168 Wn.2d 91, 106, 225 P.3d 956 (2010). A trial court abuses its discretion when it bases its decisions on "clearly untenable or manifestly unreasonable" grounds. *State v. Olmsted*, 70 Wn.2d 116, 119, 422 P.2d 312 (1966). CrRLJ 4.2(f) governs the withdrawal of guilty pleas for convictions entered in district court and provides in relevant part, "The court shall allow a defendant to withdraw his or her plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice." A manifest injustice permitting a defendant to withdraw his or her guilty plea exists where "(1) the plea was not ratified by the defendant, (2) the plea was not voluntary, (3) counsel was ineffective, or (4) the plea agreement was not kept." *State v. DeClue*, 157 Wn. App. 787, 792, 239 P.3d 377 (2010).

B.    *Jurisdiction*

Williams first contends that the State lacked jurisdiction to charge, prosecute, convict, or sentence him because his conduct in displaying a firearm was legal. We disagree.

Competent jurisdiction exists where the court has the power and authority to hear and determine the merits of a particular proceeding. *State v. Haye*, 72 Wn.2d 461, 469, 433 P.2d 884 (1967). "Subject matter jurisdiction is a prerequisite to the exercise of judicial power; any judgment entered without subject matter jurisdiction is void." *Matheson v. City of Hoquiam*, 170 Wn. App. 811, 818, 287 P.3d 619 (2012). RCW 3.66.060 grants district courts with jurisdiction over "all misdemeanors and gross misdemeanors committed in their respective counties." Here, the State charged Williams with the gross misdemeanors of unlawful display of a weapon and

unlawful aiming or discharging a firearm and alleged that Williams committed the offenses in Lewis County. RCW 9.41.270(2) and RCW 9.41.230(1). Therefore, RCW 3.66.060 provided the Lewis County District Court with competent jurisdiction to hear and determine the merits of the State's charges against Williams. Williams's potential defenses to the State's charges against him are not relevant to the issue of whether the district court had competent jurisdiction. Accordingly, Williams's contention on this issue is without merit.

C.      *Constitutional Challenge*

Next, Williams appears to assert that the unlawful display of a weapon statute violates the Washington State Constitution. The entirety of Williams's argument on this issue is as follows:

> The Washington State Constitution as well provides protections to the Defendant/Petitioner in this situation. The first being, the right to bear arms. The second being, the fact that individuals and/or persons in the State of Washington, acting in self-defense, have no duty to retreat when in a place they have a right to be.

Br. of Appellant at 6. These conclusory statements, absent any citations to legal authority and without reference to the facts underlying Williams's guilty plea, are insufficient to merit judicial review. *See State v. Dennison*, 115 Wn.2d 609, 629, 801 P.2d 193 (1990) (appellate courts need not consider arguments not sufficiently developed in the brief and for which the party has not cited legal authority) (citing *Smith v. King*, 106 Wn.2d 443, 722 P.2d 796 (1986).[2] Accordingly, we do not consider this issue.

---

[2] As a pro se appellant, Williams is held to the same standard as an attorney. *Batten v. Abrams*, 28 Wn. App. 737, 739 n. 1, 626 P.2d 984 (1981); *see also State v. Marintorres*, 93 Wn. App. 442, 452, 969 P.2d 501 (1999) (refusing to consider arguments raised in pro se supplemental brief because "brief is conclusory and does not identify any specific legal issues or cite any authority").

D.      *No Abuse of Discretion*

Finally, Williams contends that the superior court erred by affirming the district court's denial of his plea withdrawal motion because the superior court failed to address all the contentions raised in his brief. Again, we disagree.

Williams does not provide any argument or citations to legal authority on this issue and, thus, we must distill his remaining contentions solely from his assignments of error and his stated issues pertaining thereto. From those assignments of error, it appears that Williams is asserting that the superior court abused its discretion by failing to address his arguments that: (1) he had valid statutory defenses to the State's charges against him; (2) his defense counsel failed to advise him of all the direct and collateral consequences of pleading guilty to unlawful display of a firearm; and (3) the district court erred by entering findings of fact and conclusions of law ex parte. It further appears that Williams is asserting that the superior court abused its discretion by determining that issues regarding his dismissed charge of unlawful discharge of a firearm was irrelevant to his plea withdrawal motion.

Here, the record clearly shows that the trial court considered all of the issues raised in Williams's brief but concluded that those issues were not meritorious and did not justify granting a motion to withdraw Williams's guilty plea. At the hearing on Williams's appeal from the district court's denial of his plea withdrawal motion, Williams's counsel argued that Williams's prior counsel failed to inform him about the statutory defense to unlawful display of a weapon, specifically that the statute did not prohibit the display of a weapon in a person's abode. Williams's counsel also argued that Williams's prior counsel failed to inform him that he would lose his concealed pistol license as a result of pleading guilty to unlawful display of a weapon.

In its written ruling affirming the district court's denial of Williams's plea withdrawal motion, the superior court concluded that Williams failed to provide any evidence to support these claims, "other than the Appellant's own self-serving allegations of what his attorney may or may not have told him." CP at 173. The record before us supports the superior court's conclusion that Williams did not provide evidentiary support for his claims that counsel had failed to advise him about statutory defenses to his charges or that his guilty plea would result in the loss of his concealed pistol license.

The superior court's written ruling also addressed Williams's argument regarding the district court's ex parte entry of its findings of fact and conclusions of law, stating:

> [I]t is clear that the presentation of such findings and conclusions on an ex parte basis was improper. However, an appellate court need not remand a case for the trial court to enter findings of fact and conclusions of law in support of its decision if the trial court's oral opinion as set forth in the record provides a sufficient basis for appellate review. *State v. Faagata*, 147 Wn. App. 236, 193 P.3d 1132 (2008)[, *reversed on other grounds*, *State v. Turner*, 169 Wn.2d 448, 238 P.3d 461 (2010)]. In this case the transcript of the trial court's oral ruling on the motion to withdraw guilty plea clearly sets forth the court's reasoning for denying the motion and allows appellate review.

CP at 171. Because the record belies Williams's assertion that the superior court failed to address the issues that he had raised, it is without merit.

Finally, Williams asserts that the superior court abused its discretion by determining that issues regarding his dismissed charge of unlawful discharge of a firearm was irrelevant to his plea withdrawal motion. He appears to take issue with the portion of the superior court's written ruling stating:

> Specifically, [Williams] argues that with regard to the dismissed count, there were defenses available to him including self-defense and a constitutional challenge as to vagueness. In addition, he now argues that he was not advised that there might be a merger of the two counts for sentencing since they arose out of the same

8

conduct. He further alleges that he was not told that although he might be convicted of both charges, double jeopardy would be violated if he were sentenced for both charges. Even if those arguments were meritorious, they carry no weight here because the second charge was dismissed as part of the plea bargain.

CP at 172. Here, even assuming that the superior court erred by concluding that Williams's arguments pertaining his dismissed count of unlawful discharge of a firearm carried no weight with regard to his counsel's alleged ineffective assistance during the plea negotiations, this conclusion does not contradict the superior court's correct determination that Williams failed to present any evidence regarding "what his attorney may or may not have told him." CP at 173. Therefore, on that basis alone, the superior court properly affirmed the district court's denial of Williams's plea withdrawal motion and, thus, Williams fails to show that the superior court had abused its discretion. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Johanson, C.J.

_____
Lee, J.

9