# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>    Respondent,<br><br>    v.<br><br>VAN DAMME ALEX BUTH,<br><br>    Appellant. | No. 48558-3-II<br>Consolidated with<br>No. 48565-6-II<br><br>UNPUBLISHED OPINION |

MAXA, A.C.J. – Van Damme Alex Buth appeals his convictions of unlawful possession of a controlled substance with intent to deliver while armed with a deadly weapon, first degree unlawful possession of a firearm, and unlawful possession a controlled substance with intent to deliver. He argues that the trial court erred in accepting his guilty pleas because the record is insufficient to establish his understanding that (1) he had to intend to deliver a controlled substance to another, and (2) a nexus between a weapon and a crime was required for the deadly weapon sentencing enhancement to apply. We hold that the trial court did not err in accepting Buth's guilty pleas, and we affirm his convictions.

## FACTS

The State charged Buth with unlawful possession of a controlled substance with intent to deliver while armed with a deadly weapon and first degree unlawful possession of a firearm.

No. 48558-3-II (Consolidated with 48565-6-II)

Under a separate cause number, the State charged Buth with unlawful possession a controlled substance with intent to deliver.

Buth entered guilty pleas to all three charges. In his factual statement as part of his guilty pleas, Buth stated, "On 10/9/14 in Pierce County, WA I unlawfully and feloniously possessed oxycodone, a controlled substance, while armed with a deadly weapon, with the intent to unlawfully deliver the oxycodone to another individual." Clerk's Papers (CP) at 19. And he stated, "On 1/20/15 in Pierce County, WA I unlawfully and feloniously possessed oxycodone, a controlled substance, with the intent to unlawfully deliver the oxycodone to another individual." CP at 84. After each of these statements, Buth stated, "My lawyer has explained to me, and we have fully discussed, all of the above paragraphs." CP at 19, 84.

At the guilty plea hearing, defense counsel stated that she and Buth had reviewed the elements of the crimes together. When questioned by the trial court, Buth confirmed that fact and stated that he had no questions. Buth also confirmed that his two guilty plea statements were true statements. The court stated, "I accept the pleas as knowing, intelligent and voluntary, and that there's a factual basis for each of the counts, based on his statements." Report of Proceedings (Oct. 8, 2015) at 10.

Buth filed two motions to withdraw his guilty pleas, which the trial court denied.[1] Consistent with the negotiated plea agreement, the court then imposed concurrent standard range sentences and a 24-month deadly weapon enhancement.

Buth appeals his convictions.

---

[1] Buth does not argue that the trial court erred in denying his motions to withdraw his guilty pleas.

2

ANALYSIS

A.    VALIDITY OF GUILTY PLEA

Buth claims that the trial court erred in accepting his guilty pleas because the record is insufficient to establish his understanding that (1) he needed to intend to deliver controlled substances to another person, and (2) there had to be a nexus between the crime and a deadly weapon for a deadly weapon enhancement to apply.  We disagree.

    1.    Legal Principles

Due process requires that a defendant's guilty plea be knowing, intelligent, and voluntary.  *State v. Robinson*, 172 Wn.2d 783, 794, 263 P.3d 1233 (2011).  Under CrR 4.2(d), a trial court cannot accept a guilty plea without making a determination that the plea was made "voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea."[2] *See also Robinson*, 172 Wn.2d at 791-92.

In order to understand the nature of the charge, "[t]he defendant must understand the facts of his or her case in relation to the elements of the crime charged, protecting the defendant from pleading guilty without understanding that his or her conduct falls within the charged crime." *State v. Codiga*, 162 Wn.2d 912, 923-24, 175 P.3d 1082 (2008).  But in a plea hearing the trial court is not required to orally recite the elements of each crime or the facts that satisfy those elements, and is not required to orally question the defendant to ascertain whether he or she understands the nature of the defense. *Id.* at 24.  Instead, the trial court can rely on the written

_____

[2] CrR 4.2(d) also requires the trial court to be "satisfied that there is a factual basis for the plea." But Buth does not argue that there was no factual basis for his plea.

plea agreement if the defendant confirms that he or she read the agreement and that its statements were true. *Id.*

A strong public interest supports enforcement of voluntary and intelligently made pleas. *State v. Chambers*, 176 Wn.2d 573, 586-87, 293 P.3d 1185 (2013).

2. Intent to Deliver to Another

Buth pleaded guilty to unlawful possession of a controlled substance with intent to deliver. Under RCW 69.50.401(1)[3], it is unlawful for a person to possess a controlled substance with intent to deliver. Buth argues that the record does not establish that he understood that this offense required that he intended to deliver the substance to another person.

But Buth confirmed that he had reviewed the elements of the charged offenses with defense counsel and had no questions. Intent to deliver a controlled substance to another person clearly is an element of the offense. Buth expressly admitted in his guilty plea statements that he had the intent to deliver a controlled substance to another individual and then confirmed with the trial court that these statements were true. These written and oral statements are sufficient to establish that Buth understood that intent to deliver a controlled substance to another person was an element of the charged unlawful possession of a controlled substance offenses.

Buth cites *State v. Powell*, in which this court vacated a defendant's guilty plea to first degree murder because the only information on the record was his guilty plea statement that "I did participate in the 1 [degree] murder of Charles Allison." 29 Wn. App. 163, 167, 627 P.2d 1337 (1981). The court held that this statement was insufficient because it was a mere legal

---

[3] RCW 69.50.401 has been amended since the events of this case transpired. However, these amendments do not impact the statutory language relied on by this court. Accordingly, we do not include the word "former" before RCW 69.50.401.

4

conclusion and did not describe the defendant's acts, state of mind, or any of the elements of first degree murder. *Id.* However, unlike in *Powell*, Buth expressly admitted the element of the offense at issue: his intent to deliver a controlled substance to another person. Therefore, *Powell* does not apply.

Buth also argues that Washington law does not allow the inference of intent to deliver based on possession of a controlled substance alone. But no such inference was necessary here – Buth expressly admitted that he intended to deliver a controlled substance to another person.

We hold that the record is sufficient to establish that Buth understood that the unlawful possession of a controlled substance charge to which he plead guilty required the State to prove his intent to deliver the substance to another person.

3.    Nexus Between Firearm and Unlawful Delivery

Buth pleaded guilty to being armed with a deadly weapon while possessing a controlled substance with an intent to deliver. RCW 9.94A.533(4)[4] provides additional sentencing penalties for committing certain offenses if the offender was armed with a deadly weapon. Buth argues that the record does not establish that he understood that this offense required a nexus between the weapon he possessed and the unlawful possession of a controlled substance with intent to deliver offense.

But once again, Buth confirmed that he had reviewed the elements of the charged offenses with defense counsel and had no questions. Being "armed" with a deadly weapon is an element of the sentencing enhancement, and the definition of "armed" in this context includes a

---

[4] RCW 9.94A.533 has twice been amended since the events of this case transpired. However, these amendments do not impact the statutory language relied on by this court. Accordingly, we do not include the word "former" before RCW 9.94A.533.

nexus between the defendant, the weapon, and the crime. *State v. O'Neal*, 159 Wn.2d 500, 503-04, 150 P.3d 1121 (2007).

Buth expressly admitted in his guilty plea statement that he possessed a controlled substance while he was "armed" with a deadly weapon, and then confirmed with the trial court that this statement was true. These written and oral statements are sufficient to establish that Buth understood that the sentencing enhancement required a nexus between his weapon and the charged offense.

We hold that the record is sufficient to establish that Buth understood that the sentencing enhancement for being armed with a deadly weapon to which he pleaded guilty required the State to prove a nexus between his possession of the deadly weapon and possession of a controlled substance with intent to deliver.

B.    APPELLATE COSTS

Buth asks us to deny any request the State may make to award appellate costs. We decline to address this issue. A commissioner of this court will consider whether to award appellate costs in due course under the newly revised provisions of RAP 14.2 if the State decides to file a cost bill and if Buth objects to that cost bill.

CONCLUSION

We affirm Buth's convictions of unlawful possession of a controlled substance with intent to deliver while armed with a deadly weapon, first degree unlawful possession of a firearm, and unlawful possession of a controlled substance with intent to deliver.

No. 48558-3-II (Consolidated with 48565-6-II)

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

_____
MAXA, A.C.J.

We concur:

_____
WORSWICK, J.

_____
SUTTON, J.

7