IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 78812-4-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AKIEL TROY TAYLOR, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — Akiel Taylor challenges his convictions for second degree assault and witness tampering. He argues he received constitutionally deficient representation because his counsel failed to investigate his theory of the case. But Taylor failed to present any evidence to support his theory. As a result, Taylor fails to establish counsel's decision not to investigate was deficient. Additionally, absent any factual basis to support Taylor's theory, he fails to establish a reasonable probability that the outcome could have been different.

In a prior appeal, Taylor argued that the trial court should have granted his motion to withdraw his guilty plea for lack of a sufficient factual basis to support his plea. This court remanded for the trial court to address Taylor's factual basis argument. The State concedes the trial court conducting the hearing on remand again failed to address whether there was a factual basis to support Taylor's plea.

Therefore, we remand for the trial court to explicitly address whether Taylor's plea is supported by a sufficient factual basis.

## FACTS

The State charged Taylor with second degree assault (domestic violence), first degree unlawful possession of a firearm, witness tampering, and five counts of violation of a no-contact order. The charges were based on the allegations of Donjhanae Austin.

On the third day of trial, March 10, 2016, Taylor pleaded guilty to second degree assault and witness tampering. The State agreed to dismiss the other counts. The trial court accepted the guilty plea. Later the same day, Taylor moved to withdraw his guilty plea. In his motion, Taylor raised several arguments, including his assertion that there was an insufficient factual basis to support his guilty plea. Ultimately, the court denied Taylor's motion.

In his first appeal, Taylor argued, and the State conceded, the trial court abused its discretion because it failed to address Taylor's factual basis argument when it denied his motion to withdraw his guilty plea. This court remanded and instructed the trial court to "rule on Taylor's argument that his plea lacked an adequate factual basis."[1] On remand, the court again denied Taylor's motion to withdraw his guilty plea.[2]

Taylor filed this second appeal.

---

[1] Clerk's Papers (CP) at 34.

[2] Report of Proceedings (RP) (May 23, 2018) at 73.

ANALYSIS

I.  Ineffective Assistance of Counsel

Taylor argues he received ineffective assistance of counsel.  We review a claim of ineffective assistance of counsel de novo.[3]  The defendant bears the burden of proving ineffective assistance of counsel.[4]  First, the defendant must prove counsel's performance was deficient.[5]  Second, the defendant must show counsel's deficient performance prejudiced his defense.[6]

Generally, courts strongly presume counsel's representation was effective.[7] To determine whether counsel's performance was constitutionally deficient we consider "whether counsel's assistance was reasonable considering all of the circumstances."[8]  "To provide constitutionally adequate assistance, 'counsel must, at a minimum, conduct a reasonable investigation enabling [counsel] to make informed decisions about how best to represent [the] client.'"[9]

---

[3] State v. Sutherby, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

[4] State v. Grier, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011) (quoting Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).

[5] Id.

[6] Id.

[7] State v. Townsend, 142 Wn.2d 838, 843, 15 P.3d 145 (2001) (quoting State v. McFarland, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995)), overruled on other grounds by State v. Pierce, ___ Wn.2d ___, 455 P.3d 647 (2020).

[8] In re Pers. Restraint of Brett, 142 Wn.2d 868, 873, 16 P.3d 601 (2001) (citing Strickland, 466 U.S. at 689-90).

[9] Id. (alterations in original) (quoting Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir. 1994)).

3

Taylor argues he received deficient representation because defense counsel failed to investigate Taylor's theory of the case. Taylor believed Austin falsely accused him of assault because Austin believed Taylor was cheating on her. But Taylor failed to present any evidence to support this claim. As a result, Taylor fails to establish counsel's decision to not investigate Taylor's theory was deficient. Additionally, absent any factual basis to support Taylor's theory, Taylor fails to establish a reasonable probability that the outcome could have been different.

Taylor does not establish he received ineffective assistance of counsel.

II. Sufficient Factual Basis

Taylor contends the trial court abused its discretion on remand from his first appeal because the court failed to address whether there was a sufficient factual basis for Taylor's plea.

We review a trial court's decision on a defendant's motion to withdraw a guilty plea for abuse of discretion.[10]

The defendant has the burden to establish withdrawal of the guilty plea is "(1) necessary to correct a (2) manifest injustice."[11] This is a "demanding standard."[12]

---

[10] State v. Olmsted, 70 Wn.2d 116, 118, 422 P.2d 312 (1966).

[11] State v. Osborne, 102 Wn.2d 87, 97, 684 P.2d 683 (1984) (quoting State v. Taylor, 83 Wn.2d 594, 596, 521 P.2d 699 (1974)).

[12] Id.

CrR 4.2(d) provides:

The court shall not accept a plea of guilty, without first determining that it is made voluntarily, competently, and with an understanding of the nature of the charge and the consequences of the plea. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.[13]

"[T]he trial judge must develop on the record the factual basis for the plea."[14] The requirement is satisfied "if there is sufficient evidence for a jury to conclude that defendant is guilty, but the trial court need not be convinced of an accused's guilt beyond a reasonable doubt."[15]

Here, in the guilty plea, Taylor stated:

On 11/23/15, in King County, Washington, I assaulted Donjhanae Austin, a woman who I had been in a dating relationship with, by strangling her and thereby cut[ting] off her air supply. I also between 1/23/16 and 1/25/16 in King County, Washington, made phone calls to Ms. Austin where I encouraged her to withhold her testimony and not cooperate with my prosecution, without any right to do so.[16]

Taylor based his motion to withdraw the guilty plea, in part, on the lack of a sufficient factual basis for his plea. When the trial court denied Taylor's motion, it did not address this argument. In Taylor's first appeal, this court instructed the trial court to "rule on Taylor's argument that his plea lacked an adequate factual basis."[17] On remand, before a different trial judge, Taylor raised a variety of

---

[13] (Emphasis added.)

[14] State v. Powell, 29 Wn. App. 163, 166, 627 P.2d 1337 (1981).

[15] Id.

[16] CP at 304.

[17] CP at 34.

5

arguments. The court stated it was denying Taylor's motion to withdraw his guilty plea because he did not establish "a manifest injustice that would require withdrawal of your guilty plea."[18] The court did not mention Taylor's factual basis argument.

The State concedes that the trial court again failed to address whether there was a factual basis to support Taylor's plea.[19] The State suggests this court can resolve whether there was an adequate factual basis. We accept the State's concession but decline to take on the role of the trial court in addressing the motion to withdraw the guilty plea.

Therefore, we remand for the court to explicitly address whether Taylor's plea is supported by a sufficient factual basis.

_____

WE CONCUR:

_____        _____

---

[18] RP (May 23, 2018) at 73.

[19] See Resp't's Br. at 18 ("The defendant is correct that court did not specifically mention [Taylor's] factual basis argument.").